# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 8, 2012

No. 11-60847
Summary Calendar

Lyle W. Cayce
Clerk

OBINNA IKENNA EZEOKOLI,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 036 429

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Obinna Ikenna Ezeokoli, a citizen and native of Nigeria, petitions this court for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from the final order of removal of the immigration judge (IJ) denying his motion for continuance. Ezeokoli argues that the BIA and IJ erred by denying his motion for continuance pending the resolution of his wife's second I-130 petition on his behalf. He requests that the final order of removal be vacated and that the case be remanded to allow him to be heard after the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60847

United States Citizen and Immigration Services (USCIS) rules on the I-130 petition.

During the pendency of the petition for review, the USCIS denied the I-130 petition. Ezeokoli has acknowledged that he and his wife are now separated, making relief though an I-130 petition unavailable to Ezeokoli. The relief requested by Ezeokoli that we have the power to grant, a remand to the IJ pending the resolution of the I-130 petition, is no longer meaningful because the I-130 petition has now been denied. *See Qureshi v. Gonzales*, 442 F.3d 985, 988 (7th Cir. 2006). Accordingly, there is no meaningful relief that we can grant Ezeokoli on his petition for review, and the petition for review is dismissed as moot. *See id.* at 988-90; *Bayou Liberty Ass'n, Inc. v. United States Army Corps of Eng'rs*, 217 F.3d 393, 398 (5th Cir. 2000).

While the petition for review was pending, Ezeokoli filed an I-360 petition in which he alleged that he was an abused spouse and sought relief under the Violence Against Women Act. Ezeokoli has moved to hold his petition for review in abeyance pending the resolution of that petition or, alternatively, to remand his case to the BIA. Citing to *Becerra-Jimenez v. INS*, 829 F.2d 996 (10th Cir. 1987), he asserts that a remand to the BIA is proper pursuant to 28 U.S.C. § 2347(c)(2) to allow the agency to hear his new evidence. He alternatively argues that, in the interests of judicial efficiency, this court should hold the petition for review in abeyance until his I-360 petition is adjudicated.

Since the issuance of the ruling in *Becerra-Jimenez*, Congress has provided that this "court may not order the taking of additional evidence under section 2347(c) of [Title 28]." 8 U.S.C. § 1252(a)(1). Accordingly, we have no authority to remand this case for the taking of new evidence pursuant to 28 U.S.C. § 2347(c)(2). *See* § 1252(a)(1). Furthermore, as Ezeokoli's petition for review is now moot and the arguments Ezeokoli is raising in his I-360 petition are not at issue in the petition for review, holding the petition for review in abeyance would not promote judicial efficiency. Accordingly, Ezeokoli's motion is denied.

PETITION FOR REVIEW DISMISSED AS MOOT; MOTION DENIED.