# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

─────────

No. 14-30295

─────────

United States Court of Appeals
Fifth Circuit

**FILED**
November 10, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

STACEY JACKSON,

Defendant–Appellee.

versus

TIMES-PICAYUNE, L.L.C., Doing Business as NOLA Media Group,

Movant–Appellant.

─────────────────

Appeal from the United States District Court
for the Eastern District of Louisiana

─────────────────

Before SMITH, BARKSDALE, and HAYNES, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Times-Picayune, L.L.C. ("Times-Picayune"), appeals the denial of its motion to quash a subpoena *duces tecum* that required the newspaper to produce, for *in camera* review as part of Stacey Jackson's criminal defense,

identifying information about two anonymous commenters. In the period between the subpoena and this appeal, however, Times-Picayune complied and delivered the documents, and the district court declined to turn them over to Jackson, who pleaded guilty. Because this case now lacks any concrete adverseness and we can no longer offer Times-Picayune any meaningful remedy, we dismiss the appeal as moot.

## I.

In 2013, a grand jury indicted Jackson for solicitation of bribes, theft of federal funds, conspiracy, and obstruction of justice. She claimed there was prosecutorial misconduct during the grand jury investigation. She hoped to fortify her prosecutorial-misconduct defense by proving that officials from the local U.S. Attorney's office ("USAO") had improperly commented on a story about the investigation on nola.com—a news site owned by Times-Picayune.

Jackson applied for a subpoena *duces tecum* under Federal Rule of Criminal Procedure 17(c) to compel Times-Picayune to disclose identifying information about two nola.com users—"aircheck" and "jammer1954"—who had commented on Jackson's guilt. The magistrate judge ("MJ") granted the subpoena application. He later denied Times-Picayune's motion to quash but modified the subpoena such that the identifying information would be reviewed *in camera* first. The MJ would independently attempt to determine whether "aircheck" and "jammer1954" were USAO officials, and if they were not, he would not disclose the information to Jackson. The district court approved the modified subpoena, and Times-Picayune appealed.

While this expedited appeal was pending, however, Times-Picayune complied and delivered the information for *in camera* review, and the MJ determined that one commenter was not a USAO official and that the other was unidentifiable. As a result, the MJ did not disclose any of the identifying

information to Jackson, and the court denied her motion to dismiss the indictment for prosecutorial misconduct. Jackson then agreed to plead guilty to one count of conspiracy to defraud the United States under 8 U.S.C. § 371 and waived substantially all her appeals.

## II.

We must determine whether the matter is moot. This court reviews jurisdictional issues such as mootness *de novo*. *Moore v. Hosemann*, 591 F.3d 741, 744 (5th Cir. 2009). "An appeal must be dismissed when an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party." *Netsphere, Inc. v. Baron*, 703 F.3d 296, 314 (5th Cir. 2012) (internal quotation marks omitted). But even if the court cannot offer a party its remedy of choice, a case is not moot so long as the court "can fashion *some* form of meaningful relief." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992).

Jackson reasons that Times-Picayune's compliance with the subpoena, along with her subsequent guilty plea, renders us unable to offer any useful relief. Times-Picayune responds with a number of remedies it claims the court might grant if the newspaper were to prevail on the merits of the subpoena, but most of these are no longer available because of Jackson's guilty plea. She can no longer subpoena additional documents from Times-Picayune or appeal previously denied subpoena requests. And under her plea agreement, she has waived any appeal related to the prosecutorial-misconduct defense. Her case is all but finished, along with her interest in this case.

Times-Picayune does point to one remedy that is not directly extinguished by Jackson's plea agreement: return of the documents from the district court. Relying on *Church of Scientology*, it maintains that, if this court concludes that the subpoena was improper, we could order the MJ to return the

disclosed documents still held from *in camera* review.

But Times-Picayune's analogy to *Church of Scientology* fails because of a crucial difference. In that case, the Court, 506 U.S. at 10−12, addressed a situation in which the entity had complied with a subpoena and disclosed documents to the opposing party, the IRS. The government argued that the case was moot; the IRS already had the documents, and it could not undo the disclosure. *Id.* at 12. But although it could not perfectly restore the *status quo ante*, the Court, *id.* at 18, held that it was a sufficient remedy to avoid mootness for the IRS to return or destroy any copies.

Jackson, as the opposing party, cannot offer that sort of relief. The newspaper wants the disclosed documents returned or destroyed, but Jackson does not have them. The MJ determined, after *in camera* review, that the information was not relevant to the prosecutorial-misconduct defense and declined to turn it over. So even if we were to determine that the subpoena was wrongly issued, Jackson has never seen the identifying information and has nothing to give back.

Moreover, for all its emphasis on the importance of returning the identifying information, Times-Picayune has failed to pursue remedies that are already available. Federal Rule of Criminal Procedure 41(g) allows it to move for the documents' return. *DiBella v. United States*, 369 U.S. 121, 131–32 (1962); *Bailey v. United States*, 508 F.3d 736, 738 (5th Cir. 2007). But Times-Picayune concedes that it has not attempted a Rule 41(g) motion. Nor is its right to have the property returned necessarily tied to the legality of the underlying subpoena. As this court and others have indicated, when the case has ended, the government bears the burden of showing a continuing interest in the property to overcome a Rule 41(g) motion for its return. *See United States v. Oduu*, 564 F. App'x 127, 130 (5th Cir. 2014); *United States v. Chambers*, 192 F.3d 374, 377–78 (3d Cir. 1999). Consequently, an order from this court that

the district court return or destroy any documents from *in camera* review is neither an available nor a necessary remedy.

Without any meaningful remedy to grant to Times-Picayune, there is no case or controversy. The matter is moot, and the appeal, accordingly, is DISMISSED.