# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10846

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DAVID HEREDIA-HOLGUIN,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

May 20, 2016

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Northern District of Texas

Before STEWART, Chief Judge, and JOLLY, DAVIS, JONES, SMITH, DENNIS, CLEMENT, PRADO, OWEN, ELROD, SOUTHWICK, HAYNES, GRAVES, HIGGINSON, and COSTA, Circuit Judges.

HAYNES, Circuit Judge, joined by STEWART, Chief Judge, and DENNIS, PRADO, OWEN, ELROD, SOUTHWICK, GRAVES, and COSTA, Circuit Judges:

In this case, we address whether the deportation of a defendant renders that defendant's appeal of his term of supervised release moot. We hold that such deportation, by itself, does not render the appeal moot. We thus return this case to the panel for final disposition.

## I. Facts and Proceedings

After pleading guilty to illegal reentry after deportation pursuant to a plea agreement, David Heredia-Holguin received a sentence of twelve months

No. 14-10846

of imprisonment and three years of supervised release. The term of supervised release contains two special conditions: (1) he cannot illegally reenter the United States; and (2) he cannot consume alcohol or other intoxicants. Heredia-Holguin did not object to any part of his sentence.

Heredia-Holguin appealed, but before he could file his initial brief, he completed his prison sentence and was deported. Accordingly, Heredia-Holguin conceded that his appeal was moot under the existing case of *United States v. Rosenbaum-Alanis*, 483 F.3d 381, 383 (5th Cir. 2007), and argued that his term of supervised release should be equitably vacated. In response, the government moved to dismiss the appeal as moot.

A panel of this court ordered supplemental briefing to address, among other things, whether Heredia-Holguin's appeal of his unexpired term of supervised release was mooted by his release from prison and deportation from the United States. In response, while Heredia-Holguin continued to press for equitable vacatur of his sentence, he also argued that this court should reconsider en banc the holding of *Rosenbaum-Alanis*.

In its decision, a panel of this court noted that "[t]wo Fifth Circuit decisions address the question of whether deportation moots a sentencing appeal. These decisions, however, arrived at opposite conclusions." *United States v. Heredia-Holguin*, 789 F.3d 625, 627 (5th Cir.), *reh'g en banc granted*, 803 F.3d 745 (5th Cir. 2015).[1] The panel further analyzed the two Fifth Circuit opinions—*United States v. Lares-Meraz*, 452 F.3d 352 (5th Cir. 2006), and

---

[1] In *Lares-Meraz,* a panel of this court determined that the sentencing appeal of a deported defendant was not moot because the defendant "remains subject to a term of supervised release, an element of the overall sentence." *United States v. Lares-Meraz*, 452 F.3d 352, 355 (5th Cir. 2006). By contrast, the following year, another panel of this court determined an appeal of a sentence in a similar situation was moot because the defendant was "legally unable, without permission of the Attorney General, to reenter the United States to be present for a resentencing proceeding as required by Rule 43, [and thus] there [was] no relief we [could] grant him." *Rosenbaum-Alanis*, 483 F.3d at 383.

No. 14-10846

*Rosenbaum-Alanis*—and noted that it "ha[d] difficulty seeing the distinction that our court tried to draw in *Rosenbaum–Alanis* when it concluded that *Lares–Meraz* did not control." *Heredia-Holguin,* 789 F.3d at 628 n.2. Regardless, the panel declined to resolve any perceived inconsistencies, concluding that Heredia-Holguin was seeking only equitable vacatur of his term of supervised release. *Id.* at 628. The panel declined to vacate the remainder of Heredia-Holguin's sentence, determining equitable vacatur was not warranted on the facts of the case. *Id.* at 628–29.

Heredia-Holguin petitioned for rehearing en banc, seeking review of the following issues:

> 1. When an alien defendant is deported upon completing his term of imprisonment, but remains subject to a term of supervised release, is his sentencing appeal moot?
> 2. If an alien defendant's sentencing appeal is rendered moot by his involuntary deportation, is the alien entitled to have his sentence—or at least the remaining term of supervised release—vacated under the doctrine of equitable vacatur?

We granted rehearing, and because we answer the first question in the negative, we need not address the second.

## II. Discussion

### A. Mootness

"Whether an appeal is moot is a jurisdictional matter, since it implicates the Article III requirement that there be a live case or controversy." *Bailey v. Southerland,* 821 F.2d 277, 278 (5th Cir. 1987). Under Article III's case-or-controversy requirement, "[t]o invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Cont'l Bank Corp.,* 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial

3

and appellate. . . .  The parties must continue to have a personal stake in the outcome of the lawsuit." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis*, 494 U.S. at 477–78).

"A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Local 1000*, 132 S. Ct. 2277, 2287 (2012) (quoting *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000)).  "[A]s long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Id.* (alteration in original) (quoting *Ellis v. Bhd. of Ry., Airline & S.S. Clerks*, 466 U.S. 435, 442 (1984)).  With these general mootness principles in mind, we turn to the case before us.

On the face of his appeal, Heredia-Holguin is claiming an error as to an aspect of his sentence—the term of supervised release—that is still in effect. Recent amendments to the sentencing guidelines state that "ordinarily" a term of supervised release will not be ordered for a deportable alien, and the application notes provide that a district court may order supervised release in such a scenario for "deterrence and protection" based on the facts of the case. U.S. SENTENCING GUIDELINES MANUAL (U.S.S.G.) § 5D1.1 & cmt. n.5. (U.S. SENTENCING COMM'N 2015).[2]  Thus, the Sentencing Guidelines anticipate that

---

[2] The provision discouraging the imposition of supervised release where the defendant is a deportable alien was added in 2011 with the following comments:

> [S]upervised release is imposed in more than 91 percent of cases in which the defendant is a non-citizen.  The Commission determined that such a high rate of imposition of supervised release for non-citizen offenders is unnecessary because "recent changes in our immigration law have made removal nearly an automatic result for a broad class of noncitizen offenders." *Padilla v. Kentucky*, 130 S. Ct. 1473, 1481 (2010); *see also id.* at 1478 ("[D]eportation or removal . . . is now virtually inevitable for a vast number of noncitizens convicted of crimes.").

U.S.S.G. App. C, am. 756 (citation omitted).  The application note to § 5D1.1 provides in part that:

such a term of supervised release could have a "deterrent" effect, which supports the conclusion that Heredia-Holguin has an interest, "however small," in challenging it. As the Sentencing Guidelines make clear, a term of supervised release imposed on a defendant subject to deportation must have a meaning. It cannot be imposed as a casual or routine formality. If supervised release was imposed as a measure of deterrence, to the extent the supervised release was improper, the defendant is being improperly deterred. Courts have determined that deterrence is sufficient to allege an injury for the purposes of standing in other contexts. *See, e.g.*, *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1041 (9th Cir. 2008) ("Allegations that a plaintiff has visited a public accommodation on a prior occasion and is currently deterred from visiting that accommodation by accessibility barriers establish that a plaintiff's injury is actual or imminent."); *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1152 (2013) (discussing how a statute's chilling effect on speech could create a justiciable controversy, but finding on the facts of the case that the chilling effect was too remote); *cf. Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 186 (2000) ("To the extent that [civil penalties] encourage defendants to discontinue current violations and deter them from committing future ones, they afford redress to citizen plaintiffs who are injured or threatened with injury as a consequence of ongoing unlawful conduct."). It makes little sense to continue to allow a district court to impose a term of

---

Unless such a defendant legally returns to the United States, supervised release is unnecessary. If such a defendant illegally returns to the United States, the need to afford adequate deterrence and protect the public ordinarily is adequately served by a new prosecution. The court should, however, consider imposing a term of supervised release on such a defendant if the court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case.

U.S.S.G. § 5D1.1 cmt. n.5.

No. 14-10846

supervised release on a deportable alien but prevent him from being able to challenge that term of supervised release.

The closest Supreme Court case on point supports a conclusion that deportation of the defendant does not moot the challenge to his unexpired term of supervised release. *See United States v. Campos-Serrano*, 404 U.S. 293 (1971). While in Mexico, Heredia-Holguin is subject to at least one of the terms of his supervised release—that he not enter the United States illegally. Although such entry is already prohibited by law, the Court in *Campos-Serrano* held that a since-deported defendant's appeal was not moot because the conditions of his probation were "that he return to Mexico and not return to the United States illegally[,] . . . [and s]hould he violate those conditions [by illegally reentering], he will be subject to imprisonment under his continuing criminal sentence." *Id.* at 294 n.2. Although it is true that Campos-Serrano was challenging the conviction itself, which has sufficient collateral consequences to allow an appeal even when the sentence has expired, the Court made no mention of collateral consequences. Rather, the dispositive fact was that he was "still under the sentence." *Id.* Nor was the probation sentence itself, which included a condition of leaving the country, the only basis for the defendant being outside the United States. A "previous order" of deportation also required his removal. *Id.*

Further, even though illegal reentry is already prohibited by law, as a condition of supervised release, it subjects him to the procedures applicable to revoking supervised release, which among other diminished rights only require proof by a preponderance of the evidence, as well as the potential of a lengthier sentence. *See* 18 U.S.C. § 3583(e)(3); *Lane v. Williams*, 455 U.S. 624, 631 (1982); *United States v. Hinson,* 429 F.3d 114, 118 (5th Cir. 2005). This fact alone gives Heredia-Holguin a concrete injury. Moreover, other violations of supervised release terms that also constitute standalone crimes are

6

No. 14-10846

analyzed on the merits, rather than seen as nonjusticiable. *See United States v. Asuncion-Pimental*, 290 F.3d 91, 94–95 (2d Cir. 2002) (possession of a firearm by a felon); *United States v. Morey*, 120 F.3d 142, 143 (8th Cir. 1997) (same).

In opposition, the Government urges us to follow the approach of other circuits that hold that a defendant's deportation renders moot the defendant's appeal of his sentence. *See, e.g.*, *United States v. Mercurris*, 192 F.3d 290, 293–95 (2d Cir. 1999); *United States v. Vera-Flores*, 496 F.3d 1177, 1182 (10th Cir. 2007). These cases all predate the amendments to the Sentencing Guidelines set forth above and, therefore, do not address the deterrence issue.[3] They rely upon the premise that the supervised release terms have no effect on the defendant where he is no longer in the United States. *See, e.g.*, *Vera-Flores*, 496 F.3d at 1181 ("[The defendant's] liberty is in no way affected by any sentencing error allegedly committed by the district court because [the defendant's] deportation has eliminated all practical consequences associated with serving a term of supervised release."). But even in Mexico, Heredia-Holguin is still subject to at least some of the conditions imposed. *See Campos-Serrano*, 404 U.S. at 294 n.2; *United States v. Brown*, 54 F.3d 234, 238 (5th Cir. 1995) ("[D]eportation does not extinguish a term of supervised release."). If he violates these conditions, he is subject to imprisonment. 18 U.S.C.

---

[3] Another distinction is that these cases largely involve situations in which a defendant had completed his term of imprisonment and been deported, yet was still trying to challenge the *term of imprisonment* on the ground that the term of supervised release had not yet expired. *See, e.g.*, *United States v. Frook*, 616 F.3d 773, 778 (8th Cir. 2010) (finding moot an appeal of a two-level enhancement for obstruction that influenced the term of imprisonment); *Vera-Flores*, 496 F.3d at 1179–82 (finding moot various challenges to the Guidelines range); *United States v. Okereke*, 307 F.3d 117, 121 (3d Cir. 2002) (finding moot an appeal on *Apprendi* grounds of the drug quantity finding that influenced the term of imprisonment); *Mercurris*, 192 F.3d at 292, 294 (finding moot an appeal of an aggravated felony enhancement that increased the Guidelines range governing that term of imprisonment).

§ 3583(e)(3); *see also Campos-Serrano*, 404 U.S. at 294 n.2.  Accordingly, Heredia-Holguin has a personal stake in the outcome because the terms of supervised release still apply to him.  This court, therefore, could grant Heredia-Holguin relief if it vacated or ordered modification of the term of supervised release.[4]

We conclude that our court has the authority to grant relief as long as the term of the supervised release has not expired.[5]  The judgment is still extant, and Heredia-Holguin is still living under it.  We hold that that where a defendant has been deported, his appeal of a term of an existing supervised release is not mooted solely by that deportation.

---

[4] Also sometimes raised in support of a finding of mootness is the argument that a deported defendant cannot appear at a resentencing and therefore cannot obtain relief.  This is an issue for the district court for another day.  *See United States v. Reyes-Sanchez*, 509 F.3d 837, 839 (7th Cir. 2007) ("[T]he Judicial Branch should stand ready to impose a lawful sentence as soon as the defendant is available for sentencing, or is deemed voluntarily absent for the purpose of Rule 43(c)(1)(B).").  Also, even were we to assume the defendant physically could not appear, Rule 43 explicitly contemplates a defendant's voluntary waiver of the right to be present for sentencing.  *See* FED. R. CRIM. P. 43(c)(1)(B).  Moreover, under Rule 32.1(c)(2), a defendant can waive the requirement of a hearing for a modification of supervised release.  FED. R. CRIM. P. 32.1(c)(2)(A); *see United States v. Spencer*, 609 F. App'x 781, 784 (5th Cir. 2015) (modifying a condition of supervised release without the need for resentencing (citing 28 U.S.C. § 2106)).  A hearing is also not required for a modification of supervised release where "the relief sought is favorable to the [defendant]" and "an attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so."  FED. R. CRIM. P. 32.1(c)(2)(B), (C).  Accordingly, the hypothetical potential absence of the defendant cannot form the basis of a general rule of mootness in all cases.  *See Chafin v. Chafin*, 133 S. Ct. 1017, 1024 (2013) (rejecting the argument that a Hague Convention appeal was moot where the daughter had returned to Scotland and "the District Court lack[ed] the authority to issue a re-return order," because "that argument—which goes to the meaning of the Convention and the legal availability of a certain kind of relief—confuses mootness with the merits"); *Powell v. McCormack*, 395 U.S. 486, 500 (1969) (rejecting the argument that a case was moot where a backpay claim was brought in the wrong court and could not result in relief because "it confuses mootness with whether [the plaintiff] has established a right to recover").

[5] The Sixth Circuit has reached the same conclusion.  In *United States v. Solano-Rosales*, 781 F.3d 345, 355 (6th Cir. 2015), the Sixth Circuit held that a deported defendant's sentencing appeal was not moot because the court retained discretion to modify the defendant's supervised release term.

No. 14-10846

*B. Equitable Vacatur*

Having determined that Heredia-Holguin's appeal is not mooted by his deportation, we need not address whether equitable vacatur is appropriate.

We remand to the panel to consider any other issues remaining in Heredia-Holguin's appeal of his term of supervised release.[6]

---

[6] In this regard, we note that any deficiencies in Heredia-Holguin's briefing of claimed errors in his sentence constitute "a prudential construct that requires the exercise of discretion," which we leave to the panel. *United States v. Miranda*, 248 F.3d 434, 443 (5th Cir. 2001).

No. 14-10846

STEPHEN A. HIGGINSON, Circuit Judge, joined by JOLLY, DAVIS, JONES, SMITH, and CLEMENT, Circuit Judges, dissenting:

Heredia-Holguin, not a United States citizen, and no longer in this country, does not contest his conviction or deportation. Convicted of illegally reentering the country after deportation—and having served his one year prison sentence—Heredia-Holguin has been deported a second time to Mexico, where he is not being supervised by the United States government. *See* 18 U.S.C. § 3624(e). He makes no suggestion that he is abiding by any post-imprisonment release condition imposed on him by the criminal sentence he did not object to, such as, for example, the condition that he refrain from alcohol. *Cf. United States v. Campos-Serrano*, 404 U.S. 293, 294 n.2 (1971) (overturning conviction and sentence because defendant "is living under those restraints today"). Even were we to perceive plain error as to supervision that is not occurring, Heredia-Holguin neither could nor presumably would appear for resentencing, which might be unfavorable in outcome. *See United States v. Williams*, 475 F.3d 468, 479 n.6 (2d Cir. 2007); Fed. R. Crim. P. 43(a)(3). *See generally United States v. Triestman*, 178 F.3d 624, 630-31 (2d Cir. 1999) (Sotomayor, J.). In such circumstances, where Heredia-Holguin cannot show an actual injury likely to be redressed by a favorable judicial decision, I would follow our precedent,[1] consistent with a near consensus of our sister courts,[2] and dismiss his appeal. *See Spencer v. Kemna*, 523 U.S. 1, 14-16 (1998); *see*

---

[1] *United States v. Rosenbaum-Alanis*, 483 F.3d 381, 383 (5th Cir. 2007) (distinguishing *United States v. Larez-Meraz*, 452 F.3d 352 (5th Cir. 2006)). *Cf. United States v. Seguara-Resendez*, 515 F. App'x 316, 319 (5th Cir. 2013) (dismissing "for lack of appellate jurisdiction").

[2] *See United States v. Frook*, 616 F.3d 773, 778 (8th Cir. 2010); *United States v. Vera-Flores*, 496 F.3d 1177, 1182 (10th Cir. 2007); *United States v. Mercurris*, 192 F.3d 290, 293–95 (2d Cir. 1999); *United States v. DeLeon*, 444 F.3d 41, 55–56 (1st Cir. 2006); *Okereke v. United States*, 307 F.3d 117, 121 (3d Cir. 2002). *But see United States v. Solano-Rosales*, 781 F.3d 345, 350, 355 (6th Cir. 2015).

No. 14-10846

*also Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) ("[I]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed." (internal quotation marks omitted)).  Following the Second Circuit's pragmatic approach, *see Seijas v. Republic of Argentina*, 391 F. App'x 901, 903 (2d Cir. 2010)[3]; 28 U.S.C. § 2106; 5th Cir. R. 42.4, this dismissal would be without prejudice: If Heredia-Holguin seeks to reenter the United States, cognizant of his supervision conditions, he would be required to inform the court in writing of his intention to reinstate this appeal challenging "restraints imposed by the District Court pursuant to his conviction."  *Campos-Serrano*, 404 U.S. at 294 n.2. Failing such notification prior to re-entry, the dismissal would be with prejudice.

---

[3] *Compare Mercurris*, 192 F.3d at 294 (dismissing appeal), *with United States v. Montez-Gaviria*, 163 F.3d 697, 700 (2d Cir. 1998) (exercising discretion to decline to dismiss appeal), *and with United States v. Suleiman*, 208 F.3d 32, 41 (2d Cir. 2000) (affirming sentence without prejudice to subsequent motion to modify).