# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40229
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 6, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NICOLAS FUENTES-CRUZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-458-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Nicolas Fuentes-Cruz appeals the judgment revoking the term of supervised release, which had been imposed following his 2011 conviction for being unlawfully present in the United States after deportation. Revocation was based on his new illegal reentry conviction. We AFFIRM.

In 2011, Nicolas Fuentes-Cruz pled guilty to being unlawfully present in the United States after deportation. The district court sentenced him to 52

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

months of imprisonment and two years of supervised release. The judgment contained a special condition of supervision that ordered Fuentes-Cruz not to reenter the United States illegally if deported.  The condition further provided that, if Fuentes-Cruz were deported during the term of supervised release, "supervision by the probation office becomes inactive."  Were he to return to the United States, he was required to "report to the nearest U.S. Probation Office immediately," and such reporting would reactivate his supervision.

Fuentes-Cruz contends that the district court placed him in the status of "inactive supervised release" upon his deportation, that such a status is not legally recognized, and that as a result, the district court lacked jurisdiction to revoke this defectively defined term of supervised release.

We start with the rule that a term of supervised release begins to run on the day a person is released from imprisonment.  18 U.S.C. § 3624(e).  The term of supervised release remains in effect after a person is deported.  *United States v. Brown*, 54 F.3d 234, 238–39 (5th Cir. 1995).  We recently addressed en banc the question of whether any of the conditions of supervised release remain effective while the person is outside the country after deportation.  We held the person remains subject to any prohibition on reentry.  *United States v. Heredia-Holguin,* 823 F.3d 337, 341 (5th Cir. 2016) (en banc).

We find nothing in the 2011 sentencing order to support that the district court changed the usual operation of supervised release after deportation.  The district court may have thought it was simply describing realities that no actual supervision would occur while Fuentes-Cruz was outside the country, and that supervision would be revived were he to return and report to the nearest probation office.  All that meant is probation officers were not going to be engaged in their usual supervision when Fuentes-Cruz was not in the country.  Importantly, the only part of the sentence the district court said it

was making inactive was "supervision by the probation office," not the term of supervised release itself.

The two-year term of supervised release remained in effect after Fuentes-Cruz was released from prison in December 2014 and then was deported in January 2015. When he was discovered back in Texas in August 2015, his term of supervised release was in effect, though actual supervision would not have been revived unless he had already reported to a probation office. The district court could properly consider whether to revoke supervised release due to his illegal reentry.

As to the actual revocation, we review *de novo* a district court's jurisdiction to revoke a term of supervised release. *See United States v. Jackson*, 426 F.3d 301, 304 (5th Cir. 2005). We perceive no error and AFFIRM.