# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-40056
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 11, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MANUEL CHAVEZ-MARTINEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:15-CR-287-1

Before BENAVIDES, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Following his conviction under 8 U.S.C. § 1326, the district court sentenced Manuel Chavez-Martinez to 15 months of imprisonment and three years of supervised release. The district court also ordered, as a special condition of supervised release, that Chavez-Martinez "is not to re-enter the United States illegally." On appeal, Chavez-Martinez sought to challenge the language of that special condition, arguing that the district court's verbiage

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

amounted to an order of deportation.  He sought reformation of the written judgment, asking that it be modified to provide that "if ordered deported" he "shall remain outside the United States."  After his appellate brief was submitted, Chavez-Martinez was removed to Mexico by immigration authorities.

"Whether an appeal is moot is a jurisdictional matter, since it implicates the Article III requirement that there be a live case or controversy."  *United States v. Heredia-Holguin*, 823 F.3d 337, 340 (5th Cir. 2016) (en banc) (internal quotation marks and citation omitted).  "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party."  *Id.* (internal quotation marks and citation omitted).  Because a deported alien remains subject to certain conditions of supervised release even after he is deported, the deportation of an alien does not, per se, moot a challenge to his unexpired term of supervised release.  *Id.* at 342-43.

If Chavez-Martinez were challenging the imposition of the term of supervised release and requesting this court vacate that term, his appeal would not be moot.  *See id.*  Chavez-Martinez is not challenging the imposition of his term of supervised release, however.  Because Chavez-Martinez has been deported by immigration officials, the relief he seeks is no longer meaningful and his appeal is moot.  *See United States v. Jackson,* 771 F.3d 900, 903 (5th Cir. 2014); *see also, e.g., Ezeokoli v. Holder*, 482 F. App'x 968, (5th Cir. 2012) (concluding that petitioner's challenge to the denial of a continuance of removal proceedings was moot because the relief requested was "no longer meaningful").  Although there exists a narrow exception to the mootness doctrine which occurs when issues are capable of repetition yet evading review, no such probability exists in the present case.  *See Spencer v. Kemna*, 523 U.S. 1, 17 (1998).  Accordingly, the appeal is DISMISSED as moot.