# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10543
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 22, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

JAKE LINDSEY HARDIN, Also Known as "Cash,"

Defendant–Appellant.

Appeals from the United States District Court
for the Northern District of Texas
No. 4:16-CR-132-23

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Jake Hardin appeals his 240-month, within-guidelines sentence for conspiracy to possess with intent to distribute a controlled substance. He contends that the district court erred by ordering that his federal sentence run

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10543

consecutively to, and not concurrently with, any sentence he might receive in two related state prosecutions that were pending trial at the time of his federal sentencing. The government asserts that Hardin's appeal is moot because his state prosecutions were dismissed and, as a result, there are no longer any state sentences to run consecutively to his federal sentence. We agree.

"This [c]ourt must examine the basis of its jurisdiction," including whether an appeal has become moot. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987) (per curiam); *United States v. Heredia-Holguin*, 823 F.3d 337, 340 (5th Cir. 2016) (en banc). A case is moot "when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Heredia-Holguin*, 823 F.3d at 340 (internal quotation marks and citation omitted).

After the discharge of Hardin's state prosecutions, no state case remains pending. *See Smith v. State*, 801 S.W.2d 629, 631 (Tex. App.—Dallas 1991, writ ref'd). Thus, there can be no state sentence to run consecutively to the federal sentence, so Hardin's sentence will be the same irrespective of whether we vacate the consecutive-sentencing order. Accordingly, the government is correct that it is impossible for us to grant Hardin effectual relief. *See Heredia-Holguin*, 823 F.3d at 340. It matters not that the state may re-indict Hardin on the dismissed charges, because any future conviction or sentence would result from "the institution of a new case against the defendant." *Trevino v. State*, 900 S.W.2d 815, 817 (Tex. App.—Corpus Christi 1995, no writ). The district-court judgment predicates the imposition of consecutive sentences exclusively on Hardin's conviction in the already-discharged state cases.

Because the appeal is moot, we are without jurisdiction. *See Heredia-Holguin*, 823 F.3d at 340. The appeal is DISMISSED.