# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-20201
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 30, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

KENTRELL EZENWERE,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CR-581-1

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Kentrell Ezenwere appeals his sentence for possession of a firearm by a convicted felon. He admitted that the firearm had been stolen from a pawnshop the previous day. According to Ezenwere, the district court clearly erred at sentencing by finding that he was involved in the pawnshop burglary — a finding that supported the court's determination that the burglary was relevant conduct for purposes of a six-level enhancement for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

possessing 29 firearms under U.S.S.G. § 2K2.1(b)(1)(C) and its determination that he committed the instant felon-in-possession offense in connection with another felony offense for purposes of a four-level enhancement under § 2K2.1(b)(6)(B).    Ezenwere contends that the court based the finding on intuition, speculation, and coincidence, which are insufficient to meet the preponderance of the evidence standard.

"We review the district court's findings of fact at sentencing for clear error."  *United States v. Burns*, 526 F.3d 852, 859 (5th Cir. 2008).  "A factual finding is not clearly erroneous if it is plausible in light of the record read as a whole.  *United States v. Williams*, 520 F.3d 414, 422 (5th Cir. 2008) (quotation omitted).

The district court's finding that Ezenwere was involved in the burglary rested on overwhelming circumstantial evidence, including his arrest the next day while driving a car that matched the one seen on surveillance footage driving away from the pawnshop right after the burglary; the presence of a firearm stolen during the burglary on the floorboard in front of his seat; the presence in the trunk of the tools necessary to commit the burglary, along with two red bags matching the bags used to remove the firearms from the pawnshop; a photograph of the same car posted to Ezenwere's social media account several days before the burglary; videos posted to social media within 12 hours of the burglary showing Ezenwere holding firearms that matched the description of firearms stolen during the burglary; and instruments of the burglary found in the trunk that matched the instruments found on the roof of the pawnshop where the burglar broke in.

Accordingly, the district court's finding that Ezenwere was involved was not clearly erroneous, *see United States v. Robinson*, 654 F.3d 558, 562 (5th

No. 18-20201

Cir. 2011); *Burns*, 526 F.3d at 859; *Williams*, 520 F.3d at 422, and he has shown no error in the imposition of the § 2K2.1 enhancements.

Ezenwere also objects to the district court's decision to make the service of his federal sentence begin only after the completion of a sentence imposed in a particular state criminal proceeding. The basis for the objection is that the district court included this language in the sentence: "This term is to run consecutive to any term of imprisonment imposed in Harris County Case No. 2141454." It is clear now that the objection has been mooted because the referenced state-court case has been dismissed. It is impossible to grant the relief Ezenwere seeks because the premise for it has been eliminated. *See United States v. Heredia-Holguin*, 823 F.3d 337, 340 (5th Cir. 2016) (en banc).

The judgment of the district court is AFFIRMED IN PART, and the appeal is DISMISSED IN PART AS MOOT.