# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-11450
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 22, 2019

Lyle W. Cayce
Clerk

SEPTIMUS ANDERSON,

Petitioner-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:17-CV-57

Before STEWART, Chief Judge, and GRAVES and DUNCAN, Circuit Judges.

PER CURIAM:*

ON PETITION FOR REHEARING

The appellant's petition for panel rehearing is granted. The prior panel opinion, *Anderson v. Davis,* No. 17-11450 (5th Cir. Dec. 3, 2018), is withdrawn, and the following opinion is substituted therefor.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-11450

Septimus Anderson appeals the district court's denial of his 28 U.S.C. § 2254 petition, challenging his prison disciplinary conviction, which resulted in the loss of commissary, recreation and phone privileges, and a reduction in custody classification, as violative of due process.  Following his disciplinary conviction, the Texas Parole Board rescinded its decision to award him conditional release to In Prison Therapeutic Community Treatment, which, if completed successfully, would result in parole, and it imposed a one-year setoff for parole consideration.  Anderson requested that the disciplinary conviction be overturned and that his punishment be rescinded so that his parole decision could be reinstated.

After denying habeas relief, the district court granted Anderson a certificate of appealability on the issue of whether due process was implicated where a prisoner has been "approved for release to parole but a prison disciplinary proceeding punishment results in a withdrawal of the parole release which had previously been granted and extends the imprisonment for one year."  However, while the instant appeal was pending, in October 2018, Anderson was released on parole.

"Whether an appeal is moot is a jurisdictional matter, since it implicates the Article III requirement that there be a live case or controversy." *United States v. Heredia-Holguin,* 823 F.3d 337, 340 (5th Cir. 2016) (internal quotation marks and citation omitted).  Under the case-or-controversy requirement, "[t]o invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). The Supreme Court has explained that the "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . . The

2

parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Heredia-Holguin,* 823 F.3d at 340 (internal quotation marks and citation omitted).

Here, Anderson's release on parole renders moot his request to have his previously authorized parole reinstated. *See Heredia-Holguin,* 823 F.3d at 340. Consequently, there is no live case or controversy, and the instant appeal must be dismissed for lack of jurisdiction. *See id.*; *see also Spencer*, 523 U.S. at 7.

Anderson also cites *Alvarez v. Smith*, 558 U.S. 87 (2009), in support of his request that this court vacate the district court's judgment. *See Hall v. Louisiana*, 884 F.3d 546, 550 (5th Cir. 2018) ("An appellate court's authority to vacate a district court's judgment when a pending appeal has become moot is 28 U.S.C. § 2106."). In *Alvarez*, the Supreme Court concluded that, because the circumstances of that case indicated that mootness resulted from "happenstance" rather than settlement and because there were no considerations of fairness or equity which tilted against vacatur, remand to the district court with instructions to dismiss was appropriate. 558 U.S. at 94–97 ("We consequently conclude that we should follow our ordinary practice, thereby 'clear[ing] the path for future relitigation of the issues.'" (citing *United States v. Munsingwear, Inc.,* 340 U.S. 36, 40 (1950)).

Here, Anderson's appeal became moot because he was released on parole. We are not persuaded under the facts of this case that Anderson's acceptance of parole constituted the type of "settlement" contemplated by the Supreme Court in *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship,* 513 U.S. 18, 20 (1994) ("Bancorp and Bonner stipulated to a consensual plan of reorganization, which

No. 17-11450

received the approval of the Bankruptcy Court. The parties agreed that confirmation of the plan constituted a settlement that mooted the case."). Accordingly, the event which mooted Anderson's appeal, his being released on parole, favors the category of "happenstance" rather than settlement and thus counsels against vacatur. *Alvarez*, 558 U.S. at 95 ("[W]e conclude that the terminations here fall on the 'happenstance' side of the line.").

We are still required, however, to determine whether any considerations of fairness or equity weigh against vacatur. *Id*. Although historically, the established rule when a civil case became moot on appeal was to vacate the district court's judgment, the Supreme Court has since articulated that vacatur is not automatic but is instead an "extraordinary" remedy warranted when a case-by-case weighing of the equities indicates that it is appropriate. *Staley v. Harris Cty., Tex.,* 485 F.3d 305, 310 (5th Cir. 2007) (en banc) (citing *Bancorp,* 513 U.S. at 23–26). "The burden is on the party seeking relief from the status quo of the lower court judgment to demonstrate equitable entitlement to the extraordinary remedy of vacatur." *Staley,* 485 F.3d at 310 (internal quotation marks and citation omitted).

Here, Anderson has failed to show how considerations of fairness or equity entitle him to the extraordinary remedy of vacatur. *Id*. Moreover, as the respondent argues, this court has acknowledged that the public interest weighs against vacatur because "the preservation of the district court judgment serves the judicial and community interests by discouraging relitigation of the identical issues by the same parties under the same circumstances." *Id*. at 313–14. For these reasons, we deny Anderson's request for equitable vacatur of the district court's judgment.

APPEAL DISMISSED WITHOUT PREJUDICE.