# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-30055
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 6, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DONNIE JERMAINE LEWIS,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:17-CR-329-5

Before BARKSDALE, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Donnie Jermaine Lewis challenges the sentence imposed following his guilty-plea conviction for conspiracy to distribute and possess, with intent to distribute, five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. In that regard, Lewis asserts the district court erred in: assessing criminal-history points for a prior sentence he received in 2000; imposing the career-offender enhancement based on this sentence in 2000; and

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

assessing two criminal-history points for Lewis' being on supervised release at the time of the instant offense.

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Because Lewis did not preserve these issues in district court, our review—as he concedes—is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, he must show a forfeited plain error (clear or obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct such reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

The court found Lewis' sentence in 2000 was accorded criminal-history points because it resulted in his being incarcerated during the 15-year period immediately prior to the instant offense. *See* U.S.S.G. § 4A1.2(e)(1) (instructing courts, when calculating criminal-history points, to "count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of

such fifteen-year period" immediately prior to the instant offense).  Lewis contends the court could have invoked 18 U.S.C. § 3582(c)(2) (allowing for a sentence reduction for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission") to reduce his 2000 sentence so that it was completed prior to the relevant 15-year period and, therefore, would not receive any criminal-history points for his present sentence.

Lewis, however, cites no caselaw to support this assertion.  Additionally, relief under § 3582(c)(2) is no longer available to him because he has completed his 2000 sentence's term of imprisonment, and, when a defendant "has completed the confinement portion of his sentence, any argument that the prison term should be reduced is moot".  *United States v. Rosenbaum-Alanis*, 483 F.3d 381, 382 (5th Cir. 2007), *abrogated on other grounds by United States v. Heredia-Holguin*, 823 F.3d 337 (5th Cir. 2016) (en banc).  Finally, reducing a completed sentence would be inconsistent with the Guidelines, which state that a reduced sentence may never "be less than the term of imprisonment the defendant has already served".  U.S.S.G. § 1B1.10(b)(2)(C).  The requisite clear or obvious error is lacking.

Because Lewis' challenge to the career-offender enhancement is premised on his contention that the 2000 sentence should not have received criminal-history points, the court did not plainly err by imposing the enhancement.

Lewis asserts, without relying on any authority, that the court's assessment of two criminal-history points for his being on supervised release at the time of the instant offense, pursuant to Guideline § 4A1.1(d), was erroneous because his supervised release was not revoked and there was no finding that he committed an act warranting revocation.  But neither the text

of § 4A1.1, nor its accompanying commentary, requires revocation, or a finding that defendant's new offense conduct warrants revocation, prior to the imposition of criminal-history points. Lewis again fails to show clear or obvious error.

AFFIRMED.