# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 23, 2021

Lyle W. Cayce
Clerk

No. 18-40936
Summary Calendar

ROBERT TRACY WARTERFIELD,

*Petitioner—Appellant*,

*versus*

BOBBY LUMPKIN, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:17-CV-330

Before HIGGINBOTHAM, JONES, and WILLETT, *Circuit Judges*.

PER CURIAM:*

Robert Tracy Warterfield, Texas prisoner #1829999, filed a 28 U.S.C. § 2254 application challenging his convictions for aggravated sexual assault of a child (two counts) and indecency with a child by contact (two counts).

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 18-40936

As part of this pending habeas application, he also filed a purported application for injunctive relief, which sought to enjoin Texas officials in their interpretations of, and obligations under, a plea agreement from a prior case. According to Warterfield's pleadings, the alleged violations of this prior plea agreement helped prosecutors obtain his current convictions. The district court reconstrued the purported application for injunctive relief as a petition for a writ of mandamus, but it denied this reconstrued petition for lack of jurisdiction to grant the relief requested. Warterfield then filed the instant interlocutory appeal.

This court must consider the basis of its own jurisdiction, sua sponte if necessary. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). For jurisdiction to exist, the court must have a live case or controversy before it at all times. *See United States v. Heredia-Holguin*, 823 F.3d 337, 340 (5th Cir. 2016) (en banc). A moot case presents no case or controversy. *See id.* "This court reviews questions of jurisdiction *de novo*, including [whether] a case or controversy has become moot." *Veasey v. Abbott*, 888 F.3d 792, 798 (5th Cir. 2018).

The district court now has denied the underlying § 2254 application as time-barred and dismissed the case. Warterfield's appeal from that denial now is pending in this court. We conclude that the district court's resolution of the underlying § 2254 application renders Warterfield's interlocutory appeal moot. Warterfield's renewed motion for appointment of counsel also is denied.

INTERLOCUTORY APPEAL DISMISSED AS MOOT; MOTION FOR APPOINTMENT OF COUNSEL DENIED.