# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 5, 2021

Lyle W. Cayce
Clerk

No. 20-20569

United States of America,

*Plaintiff—Appellee*,

*versus*

Rasheed Babatunde Kayode,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CR-387-1

Before Jones, Southwick, and Engelhardt, *Circuit Judges*.
Per Curiam:[*]

In 2009 Rasheed Babatunde Kayode was convicted of mail fraud, aggravated identity theft, and unlawful procurement of naturalization. On Friday, October 16, 2020, the Government filed a motion to unseal Kayode's PSR so that it could be used in his removal proceedings to analyze whether his mail fraud conviction was an aggravated felony for immigration purposes.

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-20569

The district court granted the motion in an order dated Monday, October 19, 2020. Pursuant to the district court's order, the Immigration Judge (IJ) used the PSR in Kayode's immigration proceeding on November 19, 2020. On June 4, 2021, the Board of Immigration Appeals affirmed the IJ's ruling.

This court should always be cognizant of its jurisdiction and examine the issue sua sponte when necessary. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). Mootness implicates the Article III case-or-controversy requirement and is thus a jurisdictional matter. *United States v. Heredia-Holguin*, 823 F.3d 337, 340 (5th Cir. 2016) (en banc). "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Id.* (internal quotation marks and citation omitted).

The district court's order limited the use of the PSR to Kayode's "deportation proceedings," and the PSR was "not unsealed for any other purpose." Since these proceedings have already taken place and the PSR was considered in them, any victory he would receive vis-à-vis his requested relief—vacatur of the disputed order—would be hollow because the PSR was already considered for the limited purpose for which it was unsealed. In other words, prevailing in this appeal would not result in "effectual relief." *Heredia-Holguin*, 823 F.3d at 340 (internal quotation marks and citation omitted).

Accordingly, this appeal is DISMISSED as moot.