# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 18, 2023

Lyle W. Cayce
Clerk

No. 22-40443

CONSOLIDATED WITH

Nos. 23-40064, 23-40065

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

WILLIAM SAMUEL MCLEAN, JR.,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Eastern District of Texas
USDC Nos. 4:93-CR-22-1, 4:93-CR-47-1

Before KING, HAYNES, and GRAVES, *Circuit Judges.*

PER CURIAM:[*]

William Samuel McLean, Jr., federal prisoner # 04259-078, filed a motion for compassionate release pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194 (2018), and 18 U.S.C. § 3582(c)(1)(A)(i). He argued that his underlying medical conditions in combination with the threat posed by the COVID-19 pandemic constituted

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-40443
c/w Nos. 23-40064, 23-40065

"extraordinary and compelling reasons" for compassionate release. McLean further argued that given the First Step Act's elimination of sentence stacking under 18 U.S.C. § 924(c), the severity of the sentence he received for his firearm offenses should be treated as an "extraordinary and compelling" reason for a sentence reduction. The district court denied McLean's motion by order of March 18, 2022. The district court reconsidered this denial but again denied McLean compassionate release by order of June 27, 2022. McLean appealed this order.

McLean subsequently filed other motions to reconsider his motion for compassionate release. On January 17, 2023, in a lengthy and comprehensive order that recounted the full history of this litigation, the district court granted McLean's request for reconsideration and reconsidered his motion for a sentence reduction. Following reconsideration, the district court again denied McLean a sentence reduction under § 3582(c)(1)(A)(i). McLean also appealed this order.

Pending before the court are the consolidated appeals of both orders of the district court granting McLean's requests for reconsideration but denying compassionate release. As a preliminary matter, we address our jurisdiction to review McLean's appeal of the district court's June 27, 2022, order granting reconsideration and denying compassionate release. This court has an obligation to examine the basis of its own jurisdiction, *sua sponte* if necessary. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). "Whether an appeal is moot is a jurisdictional matter, since it implicates the Article III requirement that there be a live case or controversy." *United States v. Heredia-Holguin*, 823 F.3d 337, 340 (5th Cir. 2016) (quoting *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987)). This court reviews questions of jurisdiction *de novo*. *Veasey v. Abbott*, 888 F.3d 792, 798 (5th Cir. 2018). Here, McLean's appeal of the district court's June 27, 2022, order has been rendered moot by the district court's subsequent orders granting

reconsideration of the compassionate release issue. Therefore, we DISMISS appeal No. 22-40443 as moot.

We address McLean's remaining appeals on their merits. A district court may grant a prisoner compassionate release pursuant to § 3582(c)(1)(A)(i). *United States v. Shkambi*, 993 F.3d 388, 390 (5th Cir. 2021). Movants must show three criteria to obtain relief: (1) "extraordinary and compelling reasons" must justify a sentence reduction; (2) the reduction must be consistent with the Sentencing Commission's policy statements; and (3) early release must be consistent with the 18 U.S.C. § 3553(a) sentencing factors. *United States v. Jackson*, 27 F.4th 1088, 1089 (5th Cir. 2022) (quoting § 3582(c)(1)(A)(i)). As the policy statement at U.S.S.G. § 1B1.13 (p.s.) applies only to § 3582(c)(1)(A)(i) motions filed by the Bureau of Prisons, the district court was bound only by § 3582(c)(1)(A)(i) and the § 3553(a) factors in this case. *See Shkambi*, 993 F.3d at 393.

District courts may deny compassionate release if the § 3553(a) factors weigh against it, and this court regularly affirms denials based solely on a determination that the district court's weighing of the § 3553(a) factors "independently support[s] its judgment." *Jackson*, 27 F.4th at 1093 n.8; *see Ward v. United States*, 11 F.4th 354, 360-62 (5th Cir. 2021); *United States v. Chambliss*, 948 F.3d 691, 693-94 (5th Cir. 2020). In its order denying compassionate release, the district court articulated several reasons under § 3553(a) for denying compassionate release. On appeal, McLean disagrees with the district court's conclusions, but he has not shown that the conclusions were based on an error of law or a clearly erroneous assessment of the evidence. *See Chambliss*, 948 F.3d at 693. Because the district court was "in a superior position to find facts and judge their import under § 3553(a) in the individual case," we will defer to the district court's balancing of those factors. *Chambliss*, 948 F.3d at 693 (quoting *Gall v. United*

No. 22-40443
c/w Nos. 23-40064, 23-40065

*States*, 552 U.S. 38, 51 (2007)).  McLean's contention that the district court abused its discretion in denying him compassionate release is unavailing.

For the foregoing reasons, we DISMISS appeal No. 22-40443 as moot, and we AFFIRM the district court's holdings in appeal Nos. 23-40064 and 23-40065.