# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41065

United States Court of Appeals
Fifth Circuit

**FILED**

October 26, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RIGOBERTO RAMIREZ-GONZALEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before JOLLY, HAYNES, and GRAVES, Circuit Judges.

E. GRADY JOLLY, CIRCUIT JUDGE:

Rigoberto Ramirez-Gonzalez pled guilty to illegal reentry following deportation. At sentencing, Ramirez-Gonzalez objected to a recommendation in the Presentence Investigation Report ("PSR") that he be subject to an eight-level enhancement for having committed an "aggravated felony." The district court agreed and sustained his objection. Ramirez-Gonzalez then requested that the court order the PSR substantively corrected to reflect the determination that he did not commit an aggravated felony. The district court refused, suggesting that its holding would be apparent in the Statement of Reasons attached to the judgment. Unsatisfied, Ramirez-Gonzalez filed this appeal, seeking substantive corrections to the PSR.

No. 15-41065

The Government points out that meanwhile Ramirez-Gonzalez has completed his sentence and has been deported to Mexico. It argues that, consequently, his appeal should be dismissed as moot.

Although we reject the Government's argument that the appeal is moot, we hold that the district court was not required to order any substantive corrections to the PSR. We affirm the district court's judgment.

I.

In October 2011, Rigoberto Ramirez-Gonzalez, a Mexican citizen, pled guilty to and was convicted of felony wire fraud. The scheme involved filing false claims to defraud an insurance company. Although each individual claim was small, many claims were filed. The aggregate amount of the claims was about $67,375. However, Ramirez-Gonzalez pled guilty based on only one instance of the fraud and the parties stipulated to an amount of $105 in actual damages to that victim. The presiding judge sentenced him to a year and a day in prison as well as three years of supervised release, and ordered him to pay $67,375 in restitution. He was deported to Mexico.

In August 2014, Ramirez-Gonzalez was found in the United States. The Government charged him with illegal reentry following deportation. He pled guilty.

The PSR recommended that he be sentenced under the eight-level "aggravated felony" enhancement of U.S.S.G. § 2L1.2(b)(1)(C), because the felony giving rise to his deportation involved fraud or deceit in which loss to the victim(s) exceeds $10,000. *See* U.S.S.G. § 2L1.2 cmt. 3(A); 8 U.S.C. § 1101(a)(43)(M). Ramirez-Gonzalez objected, arguing that because the amount of loss was $105, not $67,375, the enhancement should not apply. The district court sustained the objection to the eight-level aggravated felony

No. 15-41065

enhancement.  Instead, the judge imposed a four-level enhancement for "any other felony." *See* U.S.S.G. § 2L1.2(b)(1)(D).[1]

Ramirez-Gonzalez then asked that the judge order the PSR modified to reflect that he was not subject to an aggravated felony enhancement.  The judge declined to do so, instead indicating in the Statement of Reasons issued alongside the judgment that he adopted the PSR "with the following changes . . . In paragraph 12, the Court applied U.S.S.G. § 2L1.2(b)(1)(D) and increased the offense level by four (4) levels."  The judge found that the sentencing guideline range was 10 to 16 months and imposed a sentence of 10 months.

Ramirez-Gonzalez appealed, arguing that the district court erred by failing to order substantive corrections to the PSR.

Ramirez-Gonzalez has since completed his 10-month sentence, and has been deported to Mexico.

## II.

The Government argues that Ramirez-Gonzalez's appeal must be dismissed as moot because his sentence has expired and he has been deported to Mexico.

## A.

"Whether an appeal is moot is a jurisdictional matter, since it implicates the Article III requirement that there be a live case or controversy." *United States v. Heredia-Holguin*, 823 F.3d 337, 340 (5th Cir. 2016) (en banc) (internal quotation marks and citation omitted).  This court considers de novo the mootness of an appeal.  *United States v. Lares-Meraz*, 452 F.3d 352, 355 (5th Cir. 2006).

---

[1] The Government has not appealed the district court's findings, and so we need not consider them on their merits.

3

No. 15-41065

"Under Article III's case-or-controversy requirement, to invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Heredia-Holguin*, 823 F.3d at 340 (internal quotation marks, modification, and citation omitted).  "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . .  The parties must continue to have a personal stake in the outcome of the lawsuit."  *Id.* (internal quotation marks and citation omitted).

"[I]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (internal quotation marks and citation omitted). "As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot."  *Heredia-Holguin*, 823 F.3d at 340 (internal quotation marks, modification, and citation omitted).

When an appellant serving a term of imprisonment challenges the validity of the underlying conviction, that challenge "always satisfies the case-or-controversy requirement, because the incarceration . . . constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  "Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Id.*; *see also United States v. Juvenile Male*, 564 U.S. 932, 936 (2011) ("In criminal cases, this [case-or-controversy] requirement means that a defendant wishing to continue his appeals after the expiration of his sentence must suffer some 'continuing injury' or 'collateral consequence' sufficient to satisfy Article III."). In either

4

case, "[w]hen the defendant challenges his underlying *conviction*, th[e Supreme] Court's cases have long presumed the existence of collateral consequences." *Juvenile Male*, 564 U.S. at 936 (emphasis in original).

"But when a defendant challenges only an expired *sentence*, no such presumption applies, and the defendant must bear the burden of identifying some ongoing collateral consequence that is traceable to the challenged portion of the sentence and likely to be redressed by a favorable judicial decision." *Id.* (emphasis in original; internal quotation marks, modification, and citation omitted); *see also Spencer*, 523 U.S. at 14 ("declin[ing] to presume that collateral consequences adequate to meet Article III's injury-in-fact requirement resulted from petitioner's parole revocation").

This Court, sitting en banc, recently held that deportation, by itself, did not moot the appeal of a deported defendant who had served his term of imprisonment but still was subject to an unexpired term of supervised release. *Heredia-Holguin*, 823 F.3d at 340. The Court abrogated the panel decision in *United States v. Rosenbaum-Alanis*, 483 F.3d 381, 383 (5th Cir. 2007), which had held that a convict's appeal of his term of supervised release was mooted by his deportation since he could not realistically appear for resentencing.

B.

Neither this Court nor any other appears to have considered the precise question at issue here—whether deportation moots an alien's appeal of a failure to correct his PSR. However, our precedent leads to the conclusion that it does not.

The allegedly-erroneous PSR implicates sufficient collateral consequences to preserve a live controversy. In *United States v. Mackay*, 757 F.3d 195 (5th Cir. 2014), this Court found that a clerical error in the PSR was "not harmless because it affects [the defendant's] substantial rights," and that "[l]ike a judgment, the PSR determines the rights and obligations of the

5

defendant going forward." *Id.* at 198, 200.[2]  This Court has squarely held that that deportation does not moot a challenge to an underlying *judgment*—as compared to a sentence standing alone—because of the continuing adverse collateral consequences stemming from a judgment.  *United States v. Villanueva-Diaz*, 634 F.3d 844, 848–49 (5th Cir. 2011).  To the extent that a PSR is "like a judgment," *Mackay*, 757 F.3d at 198, a challenge to an erroneous PSR is not moot after deportation.

Furthermore, if, as Ramirez-Gonzalez argues, the PSR is so misleading that it could cause an immigration official to conclude that he was in fact convicted of an "aggravated felony," the incorrect PSR could potentially impact his ability to legally reenter the country in the future under 8 U.S.C. § 1182(a)(9)(A).  The Fifth Circuit has found that a determination that a crime was an "aggravated felony," as compared to a non-aggravated felony, may give rise to sufficient collateral consequences to preserve a live controversy even where the appellant was deported.  *See Alwan v. Ashcroft*, 388 F.3d 507, 511 & n. 3 (5th Cir. 2004).

The primary problem with the Government's mootness argument is that it fails to address mootness in this case in the light of the specific relief requested, namely, corrections to the PSR.  *Heredia-Holguin*, *Rosenbaum-Alanis*, and the authorities discussed in those cases dealt primarily with challenges to defendants' sentences and terms of supervised release.  Sentences and terms of supervised release are finite time periods that might be expected to give rise to a host of mootness issues.  By contrast, the PSR is a permanent court document.  And it may be corrected at any time, even if the

---

[2] The decision acknowledged the uses of the PSR in institutional selection and parole decisions, as well as the frequent use of the report by law enforcement and social service workers.  *Mackay*, 757 F.3d at 198 & n. 1.

No. 15-41065

defendant is not present. *See* Fed. R. Crim. P. 43(a). Even the now-abrogated *Rosenbaum-Alanis* decision, on which the Government principally relies, was grounded on the premise that the court could not afford the defendant relief because he could not legally return to appear for resentencing. *See Rosenbaum-Alanis*, 483 F.3d at 383. Here, this Court could grant the relief that Ramirez-Gonzalez requests even while he remains in Mexico.

We therefore hold that Ramirez-Gonzalez's appeal is not moot.

### III.

We turn next to the merits of Ramirez-Gonzalez's appeal.

The crux of Ramirez-Gonzalez's argument is that the district court erred by declining to make corrections to the PSR to reflect the court's substantive determinations at the sentencing hearing. Ramirez-Gonzalez raises nine "issues" in his brief in the course of making his argument.[3] We address each in turn.

### A.

First, Ramirez-Gonzalez argues that the district court failed to make specific findings and rulings on his objections to the PSR's "prior aggravated felony conviction" determinations.

The issue of whether a district court failed to comply with a Federal Rule of Criminal Procedure is reviewed *de novo. See United States v. Myers*, 150 F.3d 459, 461 (5th Cir. 1998), *abrogated on other grounds by United States v. Reyna*, 358 F.3d 344 (5th Cir. 2004) (en banc).

Federal Rule of Criminal Procedure 32(i)(3)(B) states that the district court "must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is

---

[3] In his reply brief, Ramirez-Gonzalez explicitly waived issues seven and nine and clarified that he is not seeking resentencing, only corrections to the PSR. We do not address issues seven and nine.

unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." But this Court has "rejected the proposition that a court must make a 'catechismic regurgitation of each fact determined'; instead, [it has] allowed the district court to make implicit findings by adopting the PSR. This adoption will operate to satisfy the mandates of Rule 32 when the findings in the PSR are so clear that the reviewing court is not left to 'second-guess' the basis for the sentencing decision." *United States v. Carreon*, 11 F.3d 1225, 1231 (5th Cir. 1994) (citations omitted).

Here, the district court made rulings on Ramirez-Gonzalez's objections on the record in open court. It determined that, contrary to the PSR's analysis, Ramirez-Gonzalez's wire fraud conviction did not qualify as an aggravated felony subjecting him to an eight-level enhancement; instead, the district court concluded, he was subject to a four-level enhancement for "any other felony." Although the language the district court used at the sentencing hearing itself was somewhat unclear, the court clarified in the Statement of Reasons that Ramirez-Gonzalez was not subject to the "aggravated felony" enhancement but only the "any other felony" enhancement.

It is true that the district court could have done a more specific job of explaining its deviations from the PSR and the content of its rulings. For example, although the Statement of Reasons explicitly states that the court departed from the characterization of "aggravated felony" in Paragraph 12 of the PSR, the term also appears in Paragraph 4 of the PSR, and the court never addressed that paragraph. But this does not constitute reversible error; the court clearly made the same holding with respect to Paragraph 4 as with Paragraph 12. Similarly, the PSR states in Paragraph 45 that the maximum sentence for the offense is 20 years. 8 U.S.C. § 1326(b)(2) imposes a maximum sentence of 20 years when the offense involves an "aggravated felony." The

No. 15-41065

court did not specifically address the maximum sentence, but by finding that there was no "aggravated felony," and instead merely "any other felony," the court effectively rejected the PSR's recommendation of a twenty-year maximum and held instead that the ten-year maximum sentence of 8 U.S.C. § 1326(b)(1) applied.[4]  Ramirez-Gonzalez also complains that the PSR includes an inaccurate total offense level and an inaccurate citation to the fine range in U.S.S.G. § 5E1.2(c)(3).  The Statement of Reasons, however, states that the total offense level is "10," so the correct offense level and proper fine range could be easily determined.  In short, the determinations that Ramirez-Gonzalez seeks are implicit from the court's bench rulings and the Statement of Reasons, and that suffices for the purposes of Rule 32(i)(3)(B).  *See Carreon*, 11 F.3d at 1231; *see also United States v. Perez-Barocela*, 594 F. App'x 224, 231 (5th Cir. 2014) ("Rule 32(i)(3)(B) does not, by its terms . . . require an explicit statement from the court. Indeed, we have suggested that an implicit rejection may suffice.").

The district court therefore did not reversibly err in complying with the requirements of Rule 32(i)(3)(B).

B.

Third,[5] Ramirez-Gonzalez argues that the district court erred by failing to order corrections to the PSR under Federal Rule of Criminal Procedure 36.

---

[4] Although Ramirez-Gonzalez argues that the maximum sentence should, pursuant to § 1326(a), be two years, the ten-year maximum of § 1326(b)(1), which affects a defendant "whose removal was subsequent to a conviction for . . . a felony (other than an aggravated felony)," clearly and unmistakably applies.

[5] The second issue that Ramirez-Gonzalez raises—that the district court erred by failing to order the PSR be corrected to reflect its rulings on the objections—warrants little discussion.  "[A]ctual amendment is not required.  Rather, when a district court resolves disputed facts, the ruling is to be attached to any copy of the PSR provided to the Bureau of Prisons." *United States v. Buchanan*, 485 F.3d 274, 287 (5th Cir. 2007).

No. 15-41065

Rule 36 provides in part that "the court may at any time correct a clerical error in a judgment, order, or other part of the record arising from oversight or omission." Rule 36 is similar to Civil Rule 60(a). *See Mackay*, 757 F.3d at 198. Rules 36 and 60(a) are limited tools meant only to correct "mindless and mechanistic mistakes." *Id.* at 200 (citations and internal quotation marks omitted). "Where the record makes it clear that an issue was actually litigated and decided but was incorrectly recorded in or inadvertently omitted from the judgment, the district court can correct the judgment under Rule 60(a)." *Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 199 (5th Cir. 2011).

Here, there is no error to be corrected. The PSR's language was deliberately chosen by the probation officer who drafted it; the disputed words are not mistakes at all, much less the sort of mistake subject to correction under Rule 36. The district court sustained some of Ramirez-Gonzalez's objections and declined to adopt portions of the PSR in the final judgment (as it noted in the Statement of Reasons), but that does not render the unadopted content of the PSR a "clerical error."

Ramirez-Gonzalez relies heavily on *Mackay*, which held that the PSR was "part of the record" and thus subject to correction under Rule 36. *Mackay*, 757 F.3d at 200. *Mackay*, however, involved a true clerical error—the PSR erroneously listed the substance that Mackay pled guilty to possessing as cocaine, rather than marijuana. *Id.* at 196. There was no dispute that Mackay pled guilty to possessing marijuana, and that the reference to "cocaine" was an inadvertent error by the drafter. *Id.* Here, by contrast, the drafter of the PSR *intended* to state that Ramirez-Gonzalez was an aggravated felon. The judge later disagreed.

The district court therefore did not err in refusing to correct any "clerical error" under Rule 36.

10

C.

Fourth, Ramirez-Gonzalez argues that the district judge erred by failing to append his findings to the PSR in violation of Federal Rule of Criminal Procedure 32(i)(3)(C).  Rule 32(i)(3)(C) states that a district court "must append a copy of the court's determinations under this rule to any copy of the presentence report made available to the Bureau of Prisons."

The district court did "append" a Statement of Reasons that would necessarily be included with the PSR sent to the Bureau of Prisons.  The Statement of Reasons stated that the court adopted the PSR "with the following changes . . . In paragraph 12, the Court applied U.S.S.G. § 2L1.2(b)(1)(D) and increased the offense level by four (4) levels."  Paragraph 12 of the PSR stated that the wire fraud conviction was an "aggravated felony conviction" under "U.S.S.G. § 2L1.2(b)(1)(C)," and recommended an eight-level enhancement.

The district court included, implicitly, all of its findings in the Statement of Reasons, which was "appended" to the PSR.  *See* 3 Charles Alan Wright et al., Federal Practice and Procedure § 531 (4th ed. 2016) (The Rule's requirement can be fulfilled if the sentencing judge . . . makes written findings and attaches them to the presentence report.").  As we noted above in our discussion of Rule 32(i)(3)(B), the court's implicit findings on the disputed issues were necessarily apparent from the explicit statements in the Statement of Reasons.

We therefore find that the district court did not fail to comply with Rule 32(i)(3)(C).  Just as the Statement of Reasons made determinations sufficient

No. 15-41065

to satisfy Rule 32(i)(3)(B), "append[ing]" it to the PSR is sufficient to satisfy Rule 32(i)(3)(C).[6]

IV.

Ramirez-Gonzalez's appeal is not moot, but it is meritless.[7] The district judge did not err by failing to order substantive corrections to the PSR, and its judgment is AFFIRMED.

---

[6] The remaining "issues" that Ramirez-Gonzalez raises—issues five, six, and eight—are meritless and do not warrant much discussion. He cites no authority for his argument that the district court needed to hand-write corrections onto the PSR. He does not explain how the district court's Statement of Reasons did not explicitly meet the requirements of 28 U.S.C. § 994(w). And he cites no authority for his argument that the district court's error requires automatic reversal.

[7] Accordingly, we need not address the Government's alternative argument that the PSR should not be corrected because it is already "correct," arguing that the district court erred by failing to apply the eight-level aggravated felony enhancement.