# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10567
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 24, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARIEL BROWN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-6-2

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:*

Ariel Brown pleaded guilty to one count of conspiracy to distribute methamphetamine and was sentenced below the guidelines range to 50 months of imprisonment. She now appeals, asserting that the district court erred in (1) applying a two-level U.S.S.G. § 2D1.1(b)(1) enhancement based on the possession of a dangerous weapon and (2) failing to correct a false statement in her presentence report (PSR). Finding no reversible error, we affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10567

First, reviewing the district court's application of the § 2D1.1(b)(1) enhancement for clear error, we find none. *United States v. King*, 773 F.3d 48, 52 (5th Cir. 2014). The district court's application of the enhancement is plausible in light of the record as a whole, which includes evidence that Brown (1) resided with co-conspirators who stored drugs, drug proceeds, and firearms in a safe and (2) helped one of those co-conspirators hide an AR-15 type rifle from law enforcement. *See id.*; *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764-65 (5th Cir. 2008). Brown's arguments to the contrary based on the type of guns involved and her professed lack of actual knowledge fail to demonstrate clear error.

Second, we are also unpersuaded by Brown's argument, unsupported by citation to relevant authority, that the district court erred in failing to delete a portion of her PSR that it discredited and did not consider in imposing the sentence. *Cf. United States v. Ramirez-Gonzalez*, 840 F.3d 240, 248 n.6 (5th Cir. 2016). Because her initial brief did not adequately raise her argument that the district court failed to comply with Federal Rule of Criminal Procedure 32(i)(3)(C), *see Macklin v. City of New Orleans*, 293 F.3d 237, 241 n.2 (5th Cir. 2002), we decline to consider that argument, *see United States v. Davis*, 602 F.3d 643, 648 n.7 (5th Cir. 2010).

AFFIRMED.