# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 7, 2020

Lyle W. Cayce
Clerk

No. 19-30427

United States of America,

*Plaintiff—Appellee*,

*versus*

John Homer Legros, Jr.,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:18-CR-223-1

---

Before Davis, Graves, and Duncan, *Circuit Judges*.

Per Curiam:[*]

John Homer Legros, Jr., challenges the inclusion of an erroneous converted drug weight in his presentence report, as well as the district court's failure to make a finding on his objection to a sentencing enhancement for possessing a firearm. We affirm.

---

[*] Pursuant to 5th Circuit. Rule. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 19-30427

## I.

Legros pleaded guilty to conspiracy to distribute and to possess with intent to distribute oxycodone in violation of 21 U.S.C. § 846. His probation officer prepared a presentence report ("PSR") that cast Legros responsible for 395 oxycodone pills. The officer determined the pills' converted drug weight was 2,646.5 kilograms, correlating to a base offense level of 30. The PSR recommended a two-level increase under U.S.S.G. § 2D1.1(b)(1) because Legros had a firearm, and another two-level increase under U.S.S.G. § 3B1.1(c) based on his supervisory role in the conspiracy. The PSR calculated an adjusted offense level of 34. Because his offense concerned controlled substances, however, and because Legros had prior drug-trafficking convictions, the PSR found Legros qualified as a "career offender" under U.S.S.G. § 4B1.1(b)(3). His offense level under the career-offender guideline was 32, but because that offense level was lower that his otherwise applicable level under § 2D1.1, the PSR stated the higher level of 34 applied. After a three-level reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility, his total offense level was 31. With a total offense level of 31 and a criminal history category of VI, the resulting sentencing range was 188–235 months.

Both the Government and Legros objected to the PSR. The Government challenged the calculation of the converted drug weight, explaining that the correct figure was 661.625 kilograms, correlating to an offense level of 27. Because that offense level was lower than the one supplied by the career-offender guideline, the Government argued that career-offender status should determine Legros's sentencing range, instead of drug quantity. The Government argued, however, that his range remained 188–235 months even under the career-offender guideline. For his part, Legros argued that the converted weight was between 60 and 80 kilograms, correlating to a base offense level of only 20. He also challenged application

of the firearm enhancement, arguing that the weapon was recovered from his home and that there was no evidence drug-trafficking activity occurred there.

In an addendum to the PSR, the probation officer defended his initial calculations on converted drug weight and his application of the firearm enhancement. In response to both parties' objections, however, he noted that if the court were to determine the career-offender provisions controlled, Legros's guideline range would be 151–188 months.

At sentencing, the Government conceded error in the drug-quantity conversion but argued this was moot because the career-offender provision should govern, making Legros's range 151–188 months. Legros disagreed with the Government about the impact of the drug-quantity error, but ultimately agreed that the proper range under the career-offender guideline was 151–188 months, raising no objection to his career-offender status. The district court found the Probation Office's "career criminal calculation" was "correct" and overruled the objections to the PSR. The court sentenced Legros to 144 months imprisonment, just below the advisory range. Legros offered no objection to his sentence, nor did he request that his PSR be amended to reflect any corrected drug conversion weights or to remove the firearm enhancement.

In its statement of reasons, the district court wrote it had "adopted the presentence report with the following changes," namely that "[t]he government and the defense agreed to hold the defendant accountable for a drug weight that was less than originally determined, [and] therefore [the] career offender guideline was used for sentencing purposes." Legros filed no objection to the district court's statement of reasons.

Legros now appeals, challenging inclusion of the erroneous converted drug weight in his PSR, as well as the district court's failure to make any

finding on his objection to the firearm enhancement. The parties agree that neither mistake had any effect on Legros's sentence.

## II.

The Government argues we lack jurisdiction to consider an appeal complaining solely about an erroneous PSR. It concedes that "the order sentencing the defendant" is a "final decision" for purposes of appellate jurisdiction under 28 U.S.C. § 1291. *See United States v. Newman*, 556 F.2d 1218, 1219 (5th Cir. 1977) (citations omitted). It also recognizes that a criminal defendant may appeal his sentence if it "was imposed as a result of an incorrect application of the sentencing guidelines." 18 U.S.C. § 3742(a)(2). Nonetheless, the Government argues we lack appellate jurisdiction here because Legros does not actually challenge his sentence. It relies primarily on cases finding no jurisdiction to appeal judicial recommendations to the Bureau of Prisons.[1]

The Government's argument fails to cope with our precedent. In *United States v. Ramirez-Gonzalez*, the defendant appealed the district court's refusal to correct his PSR to reflect the court's determination at sentencing that he did not commit an aggravated felony. 840 F.3d 240, 242 (5th Cir. 2016). Like Legros, Ramirez-Gonzalez argued that the district court erred by failing to rule on disputed portions of the PSR, *id.* at 246, and by failing to correct the PSR, *id.* at 247. After concluding Ramirez-Gonzalez's intervening deportation did not moot his appeal, *id.* at 244–45, we considered "the merits" of his arguments under Federal Rules of Criminal Procedure 32

---

[1] *See, e.g.*, *United States v. De La Pena-Juarez*, 214 F.3d 594, 601 (5th Cir. 2000) (district court's "recommendation" regarding garnishment of prisoner's earnings "was not binding upon the BOP, and, accordingly it is not an order from which [the prisoner] can appeal" (citing *United States v. Pineyro*, 112 F.3d 43, 45 (2d Cir. 1997))).

and 36. *Id.* at 245. Despite relying on *Ramirez-Gonzalez* in support of its merits argument, the Government ignores this fact.

Because the Government's position fails to consider *Ramirez-Gonzalez*, we proceed to the merits.

**B.**

Legros contends the district court erred by failing to correct the erroneous drug-quantity calculation in his PSR and by failing to rule explicitly on his objections to the firearm enhancement. Reviewing for plain error, we hold the district court did not err in either respect.

**1.**

The parties dispute the standard of review. We review for plain error unless Legros raised his objection with sufficient precision to give the district court "the opportunity to address the gravamen of the argument presented on appeal." *United States v. Narez-Garcia*, 819 F.3d 146, 149 (5th Cir. 2016) (cleaned up).

We conclude he did not. Legros did challenge the PSR's drug-quantity calculation and the firearm enhancement. But he did so only before sentencing, as challenges to the basis for his sentence. On appeal, Legros does not attack the sentence, which he concedes is correct. Instead, he attacks only the district court's failure to correct the PSR. But he never asked the district court to make any such correction. He made no objection after the district court suggested orally at sentencing that it would not rely on the contested findings. And he failed to object to the court's written statement of reasons, which applied the career-offender enhancement and ignored the two errors Legros now raises. Legros did not challenge this determination or request

alterations to the PSR's now-moot drug-quantity calculation or firearm recommendation.[2]

Legros's arguments otherwise fail. First, as to the drug quantity determination, LeGros argues our review should be *de novo* because both he and the Government objected below to the PSR's calculation. But, as discussed above, an objection to the PSR's calculation in support of a sentence is not tantamount to an objection to the PSR *qua* the PSR. To preserve the errors he raises now, Legros should have explicitly moved the court to correct the PSR. He failed to do so.

Legros also relies on *United States v. Mackay*, in which we reviewed the denial of a Rule 36 motion *de novo* "because the facts [were] undisputed, leaving only questions of law." 757 F.3d 195, 197 (5th Cir. 2014) (citation omitted). But *Mackay* involved a direct appeal from the denial of a Rule 36 motion. *Id.* at 196–97. That motion gave the district court adequate opportunity to review the defendant's claims. Here, LeGros failed to make any such motion.

We therefore review for plain error only. To succeed, Legros must demonstrate "(1) an error, (2) that is clear or obvious, and (3) that affects the defendant's substantial rights." *United States v. Brandon*, 965 F.3d 427, 430 (5th Cir. 2020) (citation omitted). "If those conditions are met," we will reverse "if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 430–31 (citations omitted; cleaned

---

[2] We have consistently applied plain-error review to putative violations of Rules 32, *see, e.g.*, *United States v. Reyna*, 358 F.3d 344, 350 (5th Cir. 2004) (en banc), and 36, *see, e.g.*, *United States v. Hernandez*, 719 F. App'x 388, 389 (5th Cir. 2018) (citation omitted); *United States v. Padilla-Avilez*, 318 F. App'x 276 (5th Cir. 2009) (citations omitted).

up). Here, Legros fails to demonstrate any error at all, let alone a "clear or obvious" error.

**2.**

Legros first challenges the district court's failure to correct the PSR's drug quantity determination. Although he does not analyze either rule in detail,[3] he relies cursorily on Federal Rules of Criminal Procedure 32(i)(3)(B) and 36. Neither rule affords him any relief.

Rule 32(i)(3)(B) relevantly provides that

> [a]t sentencing, the court . . . must—for any disputed portion of the presentence report . . . —rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing.

We have "rejected the proposition that a court must make a catechismic regurgitation of each fact determined; instead, [we have] allowed the district court to make implicit findings by adopting the PSR." *Ramirez-Gonzalez*, 840 F.3d at 246 (quoting *United States v. Carreon*, 11 F.3d 1225, 1231 (5th Cir. 1994)) (internal quotation marks omitted); *see also id.* at 247 ("Rule 32(i)(3)(B) does not, by its terms . . . require an explicit statement from the court. Indeed, we have suggested that an implicit rejection may suffice." (alteration in original; citation omitted)).

In *Ramirez-Gonzalez*, we confronted an argument similar to Legros's. The district court held, "contrary to the PSR's analysis," that a certain conviction did not qualify as an aggravated felony. *Id.* It stated as much in

---

[3] Legros spends the bulk of his briefing on this point arguing that the PO did, in fact, err in the calculation. And, although he argues review should be *de novo*, he argues at some length that the errors in his PSR affect his "substantial rights." But neither argument establishes that the district court was under any obligation to correct the PSR.

open court and in its statement of reasons. Moreover, the PSR listed an inaccurate total offense level—20, as opposed to 10—but the statement of reasons listed the correct offense level. *Id.* at 246–47. The defendant appealed, arguing that his erroneous PSR could affect "his ability to legally reenter the country in the future." *Id.* at 245. We accepted that this may be true, *id.*, but concluded that even so, the district court committed no reversible error by failing to correct the PSR, *id.* at 246–47.

So too here. As in *Ramirez-Gonzalez*, "the district court could have done a more specific job of explaining its deviations from the PSR and the content of its rulings." *Id.* at 246. But, as Legros concedes, the statement of reasons correctly states the basis for the district court's ruling, such that "a ruling" on the drug quantity calculation "is unnecessary . . . because the matter will not affect sentencing." Fed. R. Crim. P. 32(i)(3)(B). "In short, the determinations that [Legros] seeks are implicit from the court's bench rulings and the Statement of Reasons, and that suffices for the purposes of Rule 32(i)(3)(B)." *Ramirez-Gonzalez*, 840 F.3d at 246–47.

Rule 36 is similarly unhelpful to Legros. It provides that "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Rule 36 is a "limited tool[,] meant only to correct mindless and mechanistic mistakes." *Ramirez-Gonzalez*, 840 F.3d at 247 (citation and internal quotation marks omitted). It applies only where "an issue was actually litigated and decided but was incorrectly recorded in or inadvertently omitted from the judgment." *Id.* (citation omitted).

Here, even on Legros's own argument, the PSR's errors are by no means "clerical." As he acknowledges—and makes much hay of—"[t]he probation officer . . . stands by his calculations." Wrong or not, the drug quantity calculation "was deliberately chosen by the probation officer who

drafted [the PSR]." *Id.* at 247. Accordingly, it was not "the sort of mistake subject to correction under Rule 36." *Id.* That the district court "declined to adopt portions of the PSR in the final judgment . . . does not render the unadopted content of the PSR a 'clerical error.'" *Id.*

In sum, the district court's refusal to correct the PSR's drug quantity calculations did not violate Rule 32(i)(3)(B) or Rule 36.

**3.**

Legros next argues the district court failed to resolve his objection to the firearm enhancement. Although in the course of this argument he does not specifically invoke Rule 32(i)(3)(B)—or any other legal authority—his argument appears to implicate Rule 32(i)(3)(B)'s requirement that the district court "rule on the dispute or determine that a ruling is unnecessary."

Here, again, by adopting the career-offender enhancement, the district court implicitly "determine[d] that" it was unnecessary to rule on the firearm enhancement. FED. R. CRIM. P. 32(i)(3)(B); *accord Ramirez-Gonzalez*, 840 F.3d at 247; *United States v. Perez-Barocela*, 594 F. App'x 224, 231 (5th Cir. 2014) (rejecting defendant's construction of Rule 32(i)(3)(B) "as requiring a court to state explicitly its denial of a motion or determination that a ruling is unnecessary" (citing *United States v. Aggarwal*, 17 F.3d 737, 745 (5th Cir. 1994)); *see also United States v. Hernandez*, 457 F.3d 416, 424 (5th Cir. 2006) (imposition of within-guidelines sentence implicitly denied request for downward departure).

AFFIRMED