# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 3, 2021

Lyle W. Cayce
Clerk

No. 20-40137

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RONALD LYNN RODGERS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:13-CR-24-1

Before STEWART, GRAVES, and HIGGINSON, *Circuit Judges*.

PER CURIAM:*

Ronald Lynn Rodgers, federal prisoner # 20650-078, moves for permission to proceed in forma pauperis (IFP) on appeal from the denial of his postjudgment motion for relief pursuant to Federal Rule of Civil Procedure 60(b). He argues the written judgment of conviction includes special supervised release conditions that were not orally pronounced at the

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

sentencing hearing.  He asserts that the oral pronouncement controls and that the case should be remanded for the district court to omit the special conditions that were not orally pronounced at sentencing.

By moving for IFP status, Rodgers is challenging the district court's denial of leave to proceed IFP on appeal.  *See Baugh v. Taylor*, 117 F.3d 197, 199-202 (5th Cir. 1997).  This court may entertain such a motion when the district court denied the litigant leave to proceed IFP.  Fed. R. App. P. 24(a).  To proceed IFP on appeal, Rodgers must meet the financial criteria and must raise a nonfrivolous issue.  *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982); 28 U.S.C. § 1915(a)(1).

The rules of civil procedure do not provide for relief in criminal proceedings.  *See* Fed. R. Civ. P. 1; Fed. R. Crim. P. 1(a).  Rodgers filed this Rule 60(b) motion in his criminal proceedings, attacking his criminal judgment.  The motion was thus "a meaningless, unauthorized motion" that the district court lacked jurisdiction to consider.  *United States v. Early*, 27 F.3d 140, 141-42 (5th Cir. 1994).

Even if Rodgers's motion is liberally construed as seeking relief under Federal Rule of Criminal Procedure 36, his appeal is without arguable merit. Rule 36 is a limited tool "meant only to correct 'mindless and mechanistic mistakes.'" *United States v. Ramirez-Gonzalez*, 840 F.3d 240, 247 (5th Cir. 2016) (citation omitted).  Because Rodgers does not argue that the district court made clerical or mechanistic mistakes or accidentally included special conditions in the written judgment, the relief he sought was beyond the scope of relief permissible under Rule 36.  Accordingly, Rodgers's appeal is without arguable merit and is DISMISSED.  *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983); 5th Cir. R. 42.2.  His IFP motion is DENIED.  *See Howard*, 707 F.2d at 219-20.

No. 20-40137

Rodgers is ADVISED that the continued filing of frivolous, repetitive, or otherwise abusive attempts to challenge his conviction or sentence will invite the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction. *See Coghlan v. Starkey*, 852 F.2d 806, 817 n.21 (5th Cir. 1988).