# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 29, 2021

Lyle W. Cayce
Clerk

No. 20-30359

United States of America,

*Plaintiff—Appellee*,

*versus*

Robert Perkins,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:19-CR-268-1

Before King, Smith, and Haynes, *Circuit Judges*.

Per Curiam:[*]

Appellant Robert Perkins pleaded guilty to conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and 846. The district court sentenced him to 156 months of imprisonment and five years of supervised release, a sentence within the applicable U.S. Sentencing Guidelines range. Perkins

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

now claims that his sentence is both procedurally and substantively unreasonable. In addition, he argues that the district court committed reversible error under Federal Rule of Criminal Procedure 32 by permitting the Government to file late objections to the presentence investigation report ("PSR").

With respect to his procedural error claim, Perkins contends that the district court failed to consider the need to avoid unwarranted sentencing disparities under 18 U.S.C. § 3553(a)(6). The crux of his argument is that his co-defendant, Deborah Hawthorne, received a sentence of 132 months, even though she pleaded guilty to the same offense and, as a career offender, was subject to a higher guidelines range under § 4B1.1 of the Sentencing Guidelines.[1] He further argues that this disparity shows that the district court failed to give appropriate weight to a required § 3553(a) factor and committed a clear error of judgment in balancing the § 3553(a) factors, resulting in a substantively unreasonable sentence. Thus, Perkins's procedural and substantive reasonableness arguments are predicated on the same alleged error.

Although the parties dispute the standard of review for Perkins's sentencing-error claim, we need not resolve that issue; Perkins's claim is unavailing regardless of the appropriate standard. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008). Section 3553(a)(6) requires district courts to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found

---

[1] Perkins claims that the district court did not adequately explain the reason for this sentencing disparity. However, the district court expressed the opinion that a defendant who is a career offender for solely drug trafficking offenses should not be treated differently from any other federal drug-trafficking offender. On that basis, as well as all of the § 3553(a) factors, including Hawthorne's history, characteristics, and involvement in the offense, the district court imposed a below-guidelines sentence.

guilty of similar conduct." *See Gall v. United States*, 552 U.S. 38, 51 (2007) (listing the failure to consider § 3553(a) factors as a "significant procedural error"). However, we have explained that the disparity factor focuses on "similarly situated defendants nationwide" and "does not require the district court to avoid sentencing disparities between co-defendants who might not be similarly situated." *United States v. Guillermo Balleza*, 613 F.3d 432, 435 (5th Cir. 2010) (per curiam). Perkins also does not explain why or how the district court was supposed to assess any disparity between his sentence and that of a defendant not yet sentenced—Hawthorne was sentenced after Perkins. Because Perkins points only to the sentence of his co-defendant as evidence of an unwarranted sentencing disparity, he fails to establish that the district court committed a § 3553(a)(6) procedural error.[2]

Nor has Perkins rebutted the presumption of reasonableness afforded to his within-guidelines sentence. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006); *see also Gall*, 552 U.S. at 51. His substantive reasonableness argument is premised entirely on the disparity of his sentence and Hawthorne's, which is "insufficient to render a sentence substantively unreasonable." *United States v. Hernandez*, 633 F.3d 370, 379 (5th Cir. 2011); *see also United States v. Stalnaker*, 571 F.3d 428, 442 (5th Cir. 2009) ("[A] disparity of sentences among co-defendants does not, without more, constitute an abuse of discretion. The defendants cannot rely upon their co-

---

[2] In any event, the record shows that Perkins and Hawthorne were not similarly situated; there were other sentencing considerations that justified the sentencing disparity. *See Gall*, 552 U.S. at 51 (instructing courts to consider the "totality of the circumstances" when reviewing a sentence). Perkins's PSR indicated that he admitted to trafficking large amounts of methamphetamine, at least every other week, whereas Hawthorne's PSR contained no such admission. Perkins also admitted some responsibility for convincing Hawthorne to return to selling drugs. Finally, Hawthorne's PSR contained additional mitigating circumstances not applicable to Perkins.

defendants' sentences as a yardstick for their own." (quotation omitted)). Consequently, Perkins's substantive reasonableness argument fails as well.

Finally, Perkins contends that (1) the district court erred by permitting the Government's late-filed objections without a finding of good cause; and (2) one late-filed objection—that he should be held accountable for an additional kilogram of methamphetamine—adversely influenced his sentence. Once again, the parties dispute the proper standard of review.

Once again, we do not need to decide the standard of review because, regardless of the appropriate standard,[3] Perkins has not shown that the district court reversibly erred. *See United States v. Delgado-Martinez*, 564 F.3d 750, 752 (5th Cir. 2009) (agreeing with other circuits that "not every procedural error will require outright reversal" and "certain 'harmless' errors do not warrant reversal"). Perkins's speculative claim that the district court imposed a higher sentence based on the challenged objection is unsupported by the record. The district court affirmatively overruled one of the objections and determined that the other one, the focus of Perkins's appeal, "ha[d] no effect on the guidelines, so I'll just . . . note it." Thus, even if the district court erred in "permitting" the objections, they were irrelevant to the sentence and the alleged procedural error was harmless. *Id.* at 753 ("A procedural error during sentencing is harmless if 'the error did not affect the district court's selection of the sentence imposed.'" (quoting *Williams v. United States*, 503 U.S. 193, 203 (1992)).

---

[3] We have previously stated that "[t]he issue of whether a district court failed to comply with a Federal Rule of Criminal Procedure is reviewed de novo." *United States v. Ramirez-Gonzalez*, 840 F.3d 240, 246 (5th Cir. 2016). We recognize, however, that district courts have "broad discretion" in deciding whether to entertain an untimely objection to the PSR for "good cause," including considerations of prejudice. *United States v. Angeles-Mendoza*, 407 F.3d 742, 749 & n.11 (5th Cir. 2005).

No. 20-30359

The judgment of the district court is AFFIRMED.