# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 28, 2025

Lyle W. Cayce
Clerk

No. 24-50409
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Steven Fulton,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:22-CR-355-2

_____

Before Haynes, Higginson, and Douglas, *Circuit Judges.*

Per Curiam:[*]

Steven Fulton appeals his sentence following his guilty-plea conviction for conspiracy to possess with intent to distribute methamphetamine and for possession of a firearm by a felon. He argues that his offense level under the Sentencing Guidelines was improperly increased by two levels based on reckless endangerment during his flight from officers

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-50409

before his arrest. *See* U.S.S.G. § 3C1.2. Assuming arguendo that Fulton preserved all of his challenges to the enhancement, this court reviews the district court's determination of the facts in the application of the enhancement for clear error, which exists "only if a review of all the evidence leaves this court with the definite and firm conviction that a mistake has been committed." *United States v. Torres-Magana*, 938 F.3d 213, 216 (5th Cir. 2019).

Contrary to Fulton's contentions, the district court did not fail to make required findings on the enhancement. The record shows the court relied on the presentence report's findings which were not shown to be wrong when overruling the objection, and it explicitly adopted the presentence report in its Statement of Reasons. *See United States v. Ramirez-Gonzalez*, 840 F.3d 240, 246 (5th Cir. 2016). As to the merits of the § 3C1.2 enhancement, given Fulton's conduct described in the PSR, the district court did not clearly err.[1] *See Torres-Magana*, 938 F.3d at 216; *see also United States v. Gould*, 529 F.3d 274, 278 (5th Cir. 2008); § 3C1.2, comment.(n.5). The judgment of the district court is thus AFFIRMED.

_____

[1] As noted in the Government's brief, when Fulton ran out of the car, he scaled an eight-foot fence with razor wire along the top which was posing a risk to the law enforcement officials who were trying to catch him. He also had previously induced the high-speed chase by jumping into the vehicle and aided and abetted the driver by attempting to latch the hood as she drove.