# United States Court of Appeals
# for the Fifth Circuit

———————

No. 24-11053
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
August 1, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Mike Hernandez,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:24-CR-46-2

———————————————————

Before Elrod, *Chief Judge*, and Jones and Smith *Circuit Judges*.

Per Curiam:[*]

Appellant Mike Hernandez pleaded guilty to, and was convicted of, distribution and possession with intent to distribute 40 grams or more of fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi). On appeal, Hernandez argues that clerical errors in the district court's written

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

judgment warrant remand. We AFFIRM, but REMAND for the limited purpose of correcting a single clerical error in the written judgment.

I

In May 2024, Hernandez and several others were charged with misprision of felony and conspiracy to distribute and possess with intent to distribute, distribution and possession with intent to distribute, and possession with intent to distribute controlled substances, namely, cocaine and fentanyl. In July 2024—pursuant to a written plea agreement—Hernandez pleaded guilty to count nine of the indictment, which charged him with "Distribution and Possession with Intent to Distribute 40 Grams or More of Fentanyl," in violation of "21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi)." Count nine further stated that Hernandez's conduct violated "Title 18, United States Code, Section 2, and *Pinkerton v. United States*, 328 U.S. 640 (1946)." And the Presentence Report confirms that count nine also charged Hernandez with "Aiding and Abetting," in violation of "18 U.S.C. § 2."

Under the written plea agreement, Hernandez agreed to "plead[] guilty to the offense alleged in Count Nine of the Indictment, charging a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi), that is, Distribution and Possession with Intent to Distribute 40 Grams or More of Fentanyl." He further agreed that he "understood the nature and elements of the crime to which [he was] pleading guilty, and . . . that the factual resume that [he] ha[d] signed [wa]s true . . . ." For its part, the Government agreed "not [to] bring any additional charges against [Hernandez] based upon the conduct underlying and related to [his] plea of guilty."

During the sentencing hearing, the district court informed Hernandez that an order accepting his plea and adjudging him "guilty of the crime alleged against" him had been entered. The court then verified that Hernandez "had an opportunity to read [his] PSR and its addendum and

discuss those documents with [his] attorney." When Hernandez responded affirmatively, the district court heard argument from his counsel and the government regarding "multiple objections by the defense" to the PSR.

After "[h]aving resolved all objections," the district court "adopt[ed] the PSR and its addendum's factual findings and legal conclusions as [its] own." The Government then moved to dismiss all "remaining counts of the indictment as to [Hernandez] only and to proceed to sentencing on Count 9" as required under the written plea agreement. The district court granted that motion, heard from Hernandez, and allowed additional argument from his counsel and the Government before imposing a within-guidelines sentence of 160 months' imprisonment followed by four years of supervised release.

The district court's written judgment reflects that Hernandez pleaded guilty to, and was convicted of, count nine of the indictment. And it lists the title, section, and nature of the offense for which he was adjudicated guilty as "21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi) – DISTRIBUTION AND POSSESSION WITH INTENT TO DISTRIBUTE 40 GRAMS OR MORE OF FENTANYL." The judgment also lists the end date of the offense as May 23, 2024, and provides that the remaining counts against Hernandez were dismissed on the Government's motion. Hernandez timely appealed.

## II

Hernandez argues on appeal that there are three clerical errors in the district court's judgment, specifically that it: (1) "incorrectly states the ending date of the offense"; (2) "misstate[s] the offense of conviction"; and (3) "fails to include the 'agreed disposition' required by [Federal Rule of Criminal Procedure] 11(c)(4)."

Under Rule 36, we "may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." FED. R. CRIM. P. 36. Clerical errors

occur when "the court intended one thing but by merely clerical mistake or oversight did another." *United States v. Steen*, 55 F.3d 1022, 1026 n.3 (5th Cir. 1995). Remand is appropriate under Rule 36 only to make minor corrections in the judgment, such as correcting clerical errors. *See, e.g.*, *United States v. Belmontes*, 807 F. App'x 292, 299 (5th Cir. 2020) (citing *United States v. Martin*, 651 F. App' x 265, 267–68 (5th Cir. 2016) (remand appropriate under Rule 36 "to make minor corrections in the judgment, such as fixing typos")).

We consider the alleged clerical errors Hernandez raises in turn.

A

Hernandez first argues that the district court's "written judgment reflects the incorrect ending date of his offense." We agree.

Hernandez contends that the factual resume for his guilty plea "only mentions his conduct on April 22, 2024," and that the PSR "explicitly state[s] that '[t]he offense of conviction concluded on April 22, 2024.'" The Government "agrees with Hernandez that the end date of the offense should be April 22, 2024." In addition, the Government asserts that Hernandez "ha[d] been in continuous federal custody since May 23, 2024," the same day a "federal arrest and search warrant" was executed at his residence. As such, the offense end date listed on the written judgment is erroneous.

Because "[t]his error falls within both the literal reach of Rule 36 and the limitation imposed by *Ramirez-Gonzalez*," remand for correction is proper. *United States v. Cooper*, 979 F.3d 1084, 1089 (5th Cir. 2020) (citing *United States v. Ramirez-Gonzalez*, 840 F.3d 240 (5th Cir. 2016)).

No. 24-11053

B

Hernandez's second argument, that the written judgment "misstate[s] the offense of conviction," fails.

The record reflects that although Hernandez's counsel made several objections to the PSR during the sentencing hearing, none of those objections concerned this issue. Because Hernandez failed to make this objection below, our review is for plain error. *See, e.g.*, *United States v. Delgado, 672 F.3d 320, 328 (5th Cir. 2012) (*first quoting *United States v. Atkinson, 297 U.S. 157, 160 (1936);* and then *Puckett v. United States*, 556 U.S. 129, 135 (2009)). To establish plain error, Hernandez "must show a clear or obvious legal error that affects his substantial rights and 'seriously affect[s] the fairness, integrity, or public reputation of the judicial proceedings.'" *United States v. Suarez*, 879 F.3d 626, 630 (5th Cir. 2018) (alteration in original) (quoting *Puckett*, 556 U.S. at 135).

Hernandez contends that the district court's written judgment omits a "key" or "crucial" detail, namely, that the fentanyl he was convicted of trafficking was part of a "mixture or substance" containing a detectable amount of methamphetamine. He presses that, "[b]ecause the judgment and the PSR follow [him] and are used by the Bureau of Prisons to make important decisions about classification, programming, and release, . . . an inaccurate offense description can cause confusion or unintended consequences." *United States v. Alcaraz-Juarez*, 2024 WL 4948845, at *3 & n.6 (5th Cir. Dec. 3, 2024).

Count nine of the indictment charged Hernandez with "Distribution and Possession with Intent to Distribute 40 Grams or More of Fentanyl." The district court's written judgment states that Hernandez was "adjudicated guilty of . . .. DISTRIBUTION AND POSSESSION WITH INTENT TO DISTRIBUTE 40 GRAMS OR MORE OF FENTANYL." The factual resume

and plea agreement state that count nine of the indictment charged Hernandez with "Distribution and Possession with Intent to Distribute 40 Grams or More of Fentanyl." And when asked by the magistrate judge, while under oath at his arraignment hearing, whether he was "here today to plead guilty to Count 9 of an indictment that alleges distribution and possession with intent to distribute 40 grams or more of fentanyl," Hernandez responded "Yes, sir." Further, the PSR—which Hernandez confirmed he had an opportunity to read and discuss with his counsel—expressly states that count nine charges him with "Distribution and Possession with Intent to Distribute 40 Grams or More of Fentanyl." Beyond this, the record reflects that the "mixture and substance" language on which Hernandez relies appears in only a single paragraph of the indictment explaining the details of count nine.

Because the district court's written judgment accurately reflects the offense to which Hernandez pleaded guilty, remand as to this alleged error is not warranted. *See, e.g.*, *Cooper*, 979 F.3d at 1088 (remand under Rule 36 is *only* appropriate "to *correct* the judgment to reflect the crime to which the defendant *pleaded guilty*) (emphasis added) (citation omitted).

## C

Hernandez next urges that remand is proper because the "judgment fails to include the 'agreed disposition' required by Rule 11(c)(4)." Here too, we disagree.

Hernandez asserts that under Federal Rule of Criminal Procedure 11(c)(4), when a district court accepts a plea agreement, it must "inform the defendant that to the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the agreed disposition will be included in the judgment." FED. R. CRIM. P. 11(c)(4). Pursuant to the written plea agreement, the Government agreed "not [to] bring any additional charges against

[Hernandez] based upon the conduct underlying and related to [his] plea of guilty." In this regard, the Government agreed to "dismiss, after sentencing, any remaining charges in the pending indictment."

At sentencing, the district court informed Hernandez that it "finally accepted" the plea agreement, and that it granted the Government's oral motion to "dismiss the remaining counts of the indictment as to [Hernandez] only and to proceed to sentencing on Count 9." And the court's written judgement states that the remaining counts against Hernandez were dismissed on the Government's motion. Hernandez's argument that remand is required on the basis that the district court's written judgment does not include the agreed disposition is meritless.

## III

Accordingly, the district court's judgment is AFFIRMED in part and REMANDED in part. We REMAND to correct a single clerical error in the district court's written judgment, specifically, the end date of the offense to which Hernandez pleaded guilty.