# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 6, 2020

Lyle W. Cayce
Clerk

No. 20-50260
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

GREGORIO CONDE-CASTILLO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:19-CR-2361-1

Before HAYNES, WILLETT, and HO, *Circuit Judges*.

PER CURIAM:*

Gregorio Conde-Castillo pleaded guilty to illegal reentry of the United States after removal. The district court, taking note of Conde-Castillo's prior felony convictions of cruelty to children, which did not incur criminal history points, upwardly varied from the guidelines range of zero to six months of

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

imprisonment and sentenced Conde-Castillo to a 14-month term of imprisonment, to be followed by a three-year term of supervised release. Conde-Castillo now appeals, arguing that the 14-month sentence of imprisonment is substantively unreasonable.

As an initial matter, we note that Conde-Castillo has recently been released from the Bureau of Prisons. Despite his release, Conde-Castillo's appeal of his sentence of imprisonment is not moot because he remains subject to a term of supervised release. *See United States v. Heredia-Holguin*, 823 F.3d 337, 340 (5th Cir. 2016)(en banc)(answering "no" to the following question: "When an alien defendant is deported upon completing his term of imprisonment, but remains subject to a term of supervised release, is his sentencing appeal moot?"); *see also United States v. Vega*, 960 F.3d 669, 674-75 (5th Cir. 2020)(concluding that this analysis applies even when the defendant does not directly challenge his supervised release term).

By requesting a sentence within the guidelines range, Conde-Castillo preserved the issue of the substantive reasonableness of his above-guidelines sentence. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762 766-67 (2020). Our review is therefore for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Conde-Castillo asserts in his brief that the rationale given by the district court for its sentence is insufficient to support an upward departure under U.S.S.G. § 4A1.3, p.s. As discussed above, however, the district court imposed an upward variance, not a departure pursuant to § 4A1.3. A departure and a variance are separate and distinct sentencing mechanisms. *See United States v. Jacobs*, 635 F.3d 778, 782 (5th Cir. 2011). This portion of

Conde-Castillo's argument therefore fails at the outset. *See United States v. Mejia-Huerta*, 480 F.3d 713, 723 (5th Cir. 2007).

Additionally, Conde-Castillo contends that a guidelines sentence of zero to six months of imprisonment would have sufficiently punished him considering the facts of his illegal reentry offense and his criminal history. An above-guidelines sentence will be found substantively unreasonable when it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). When evaluating a challenge to the substantive reasonableness of a sentence, we consider "the totality of the circumstances, including the extent of any variance from the Guidelines range." *United States v. Fraga*, 704 F.3d 432, 440 (5th Cir. 2013) (quotation marks omitted).

The district court did not err by considering Conde-Castillo's criminal history in imposing an upward variance. *See Smith*, 440 F.3d at 708-09. Further, the extent of the upward variance is within the range we have previously upheld. *See, e.g.*, *United States v. Herbert*, 813 F.3d 551, 556, 563, (affirming upward variance to 92 years from a guidelines sentence of approximately six to seven years); *United States v. Key*, 599 F.3d 469, 475, 476 (5th Cir. 2010) (affirming a 216-month sentence when the applicable guidelines range was 46 to 57 months); *United States v. Brantley*, 537 F.3d 347, 348-50, (5th Cir. 2008) (upholding an upward departure or variance to 180 months where the maximum guidelines sentence was 51 months). Under the totality of the circumstances, including the significant deference that is given to the district court's consideration of the § 3553(a) factors, the extent of the variance, and the district court's reasons for its sentencing decision, Conde-Castillo fails to demonstrate that the upward variance is substantively unreasonable. *See Fraga*, 704 F.3d at 439-40; *Smith*, 440 F.3d at 708.

No. 20-50260

Accordingly, the judgment is AFFIRMED.